THE STATE EX REL. FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL,
  INC. *v.* COURT OF COMMON PLEAS OF FRANKLIN COUNTY ET AL.

[Cite as *State ex rel. Fraternal Order of Police, Ohio Labor
Council, Inc. v. Franklin Cty. Court of Common Pleas*
(1996), 76 Ohio St.3d 287.]

(No. 96–1563—Submitted July 12, 1996—Decided July 22, 1996.)

288

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan,* for relator.

Douglas, J. In order for a writ of prohibition to issue, FOP/OLC must establish that (1) respondents are about to exercise judicial power, (2) the exercise of judicial power is legally unauthorized, and (3) if the writ is denied, FOP/OLC will incur injury for which no adequate legal remedy exists. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461. It is evident here that respondents have and are continuing to exercise judicial authority in the underlying action.

As to the remaining requirements for a writ of prohibition, prohibition is unwarranted where relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555 653 N.E.2d 366, 369. Absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. However, where a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition lies to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 109, 656 N.E.2d 673, 676.

FOP/OLC contends that respondents patently and unambiguously lack jurisdiction over the underlying action for injunctive and other relief. We agree. The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. Exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127–128, 637 N.E.2d 878, 880. Therefore, if a party asserts claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. *Franklin Cty. Law Enforcement Assn.*, at paragraph two of the syllabus.

Here, as FOP/OLC notes, it appears that based on the common pleas court complaint filed by plaintiffs, their claims arise from and are dependent upon the collective bargaining agreements executed by FOP/OLC and the state. In addition, the complaint filed by the plaintiffs in the underlying action appears to allege conduct which would constitute unfair labor practices pursuant to R.C.

4117.11(B)(1), (2), and (6). Therefore, based on *Franklin Cty. Law Enforcement Assn.* and *E. Cleveland,* it appears that respondents patently and unambiguously lack jurisdiction over all of the claims in the underlying case. Further, a writ of prohibition will issue to prevent a common pleas court from exercising jurisdiction over a case which is within the exclusive jurisdiction of SERB. See, *e.g.,* *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny* (1995), 105 Ohio App.3d 108, 110, 663 N.E.2d 719, 721 (Any claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117.).

Since FOP/OLC's complaint is well taken, a peremptory writ of prohibition is granted, and the Franklin County Common Pleas Court is hereby ordered to dismiss the underlying action.

*Writ granted.*

RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent and would grant only an alternative writ.