[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 287.]

THE STATE EX REL. FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC. *v.* COURT OF COMMON PLEAS OF FRANKLIN COUNTY ET AL.

[Cite as *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 1996-Ohio-424.]

*Prohibition to prevent common pleas court from exercising further jurisdiction in cause of action involving unfair labor practices charges—Writ granted, when.*

(No. 96-1563—Submitted July 12, 1996—Decided July 22, 1996.)

In PROHIBITION.

———————————

{¶ 1} Pursuant to R.C. Chapter 4117, relator, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP/OLC"), is certified as the exclusive representative of certain bargaining units of state employees, including "Unit 1" and "Unit 15," which are comprised of Ohio State Highway Patrol Troopers and Sergeants, respectively. As the exclusive representative of the foregoing bargaining units, FOP/OLC entered into collective bargaining agreements with the state of Ohio, which are effective from 1994 to 1997, and provide that FOP/OLC may designate three members of Unit 1 and one member of Unit 15 for release from their job duties "at no loss of pay, seniority or other benefits." The agreements further provide that employees released from their regular work assignments function as full-time representatives of FOP/OLC. In order to fund these release positions, the parties to the collective bargaining agreements agreed that the vacation time of each member of the Unit 1 and Unit 15 bargaining units would be reduced by five and six hours, respectively.

{¶ 2} On August 4, 1995, nine FOP lodges and the Ohio Troopers Coalition, filed a complaint in respondent Franklin County Common Pleas Court alleging that

FOP/OLC had breached the collective bargaining agreements by unilaterally removing one of their elected employees from a release position and threatening to remove the remaining three persons elected by the plaintiffs to release positions in Units 1 and 15. The plaintiffs in the underlying action requested that the court issue, *inter alia*, an "injunction" directing FOP/OLC to restore the removed person to his release position under the collective bargaining agreements, an injunction preventing FOP/OLC from attempting any act intended or designed to remove or interfere with the other three release persons elected to serve in those positions, an order directing FOP/OLC to render an account and reimburse unit members for the loss of unexpended donated hours of earned vacation credits permanently lost as a result of FOP/OLC's breach of the agreements, and an injunction preventing FOP/OLC from interfering with the designation and use of other release time provided in the collective bargaining agreements.

{¶ 3} On August 14, 1995, respondent Judge James O'Grady issued a temporary restraining order ("TRO") enjoining FOP/OLC from removing the three remaining release persons and directing that the removed release person be restored to his release position. On August 23, 1995, Judge O'Grady extended the TRO until September 5, 1995. Subsequently, on September 7, 1995, Judge O'Grady extended the restraining order to September 29, 1995. (But see Civ.R. 65[A]: "Every temporary restraining order * * * *shall expire by its terms* within such time after entry, *not to exceed fourteen days,* as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for *one* like period * * *." [Emphasis added.]) Judge O'Grady then held a hearing on the plaintiffs' request for a preliminary injunction, and that hearing has not yet been concluded.

{¶ 4} In October 1995, the State Employment Relations Board ("SERB") dismissed nineteen identically worded unfair labor practice charges filed by individual members of Units 1 and 15 challenging the same conduct of FOP/OLC which is the subject of the plaintiffs' complaint in the underlying common pleas

court action.  SERB determined that FOP/OLC had not committed any unfair labor practice because FOP/OLC possessed the "contractual and exclusive right to select the release persons."

{¶ 5} FOP/OLC and the state entered into a memorandum of understanding in which, effective July 1, 1996, the state would no longer deduct vacation hours from members of Units 1 and 15, and unit members would no longer be released from their regular job duties.  The plaintiffs in the underlying common pleas court action filed a motion requesting that FOP/OLC be held in contempt of the temporary restraining order issued by Judge O'Grady, which had previously expired.  Judge O'Grady issued a show cause order and scheduled a hearing on the contempt motion for July 9, 1996.  It appears, according to relator's memorandum in support, that the conclusion of the trial has been scheduled for August 19, 1996.

{¶ 6} FOP/OLC has now filed this action for a writ of prohibition to prevent Judge O'Grady  and the common pleas court from exercising further jurisdiction in the underlying action.  The cause is now before the court to determine if the issuance of a writ of prohibition is warranted.

———————————

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan*, for relator.

———————————

**DOUGLAS, J.**

{¶ 7} In order for a writ of prohibition to issue, FOP/OLC must establish that (1) respondents are about to exercise judicial power, (2) the exercise of judicial power is legally unauthorized, and (3) if the writ is denied, FOP/OLC will incur injury for which no adequate legal remedy exists.  *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660

N.E.2d 458, 461. It is evident here that respondents have and are continuing to exercise judicial authority in the underlying action.

{¶ 8} As to the remaining requirements for a writ of prohibition, prohibition is unwarranted where relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Newton v. Ct. of Claims* (1995), 73 Ohio St.3d 553, 555 653 N.E.2d 366, 369. Absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656 646 N.E.2d 1110, 1112. However, where a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition lies to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 109, 656 N.E.2d 673, 676.

{¶ 9} FOP/OLC contends that respondents patently and unambiguously lack jurisdiction over the underlying action for injunctive and other relief. We agree. The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. Exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878, 880. Therefore, if a party asserts claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that

chapter are exclusive. *Franklin Cty. Law Enforcement Assn.*, at paragraph two of the syllabus.

{¶ 10} Here, as FOP/OLC notes, it appears that based on the common pleas court complaint filed by plaintiffs, their claims arise from and are dependent upon the collective bargaining agreements executed by FOP/OLC and the state. In addition, the complaint filed by the plaintiffs in the underlying action appears to allege conduct which would constitute unfair labor practices pursuant to R.C. 4117.11(B)(1), (2), and (6). Therefore, based on *Franklin Cty. Law Enforcement Assn.* and *E. Cleveland*, it appears that respondents patently and unambiguously lack jurisdiction over all of the claims in the underlying case. Further, a writ of prohibition will issue to prevent a common pleas court from exercising jurisdiction over a case which is within the exclusive jurisdiction of SERB. See, *e.g., State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny* (1995), 105 Ohio App.3d 108, 110, 663 N.E.2d 719, 721. (Any claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117.).

{¶ 11} Since FOP/OLC's complaint is well taken, a peremptory writ of prohibition is granted and the Franklin County Common Pleas Court is hereby ordered to dismiss the underlying action.

*Writ granted.*

RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent and would grant only an alternative writ.

————————————