PETITION FOR WRIT OF PROHIBITION JOURNAL ENTRY AND OPINION
Relator, William Novak, has filed a complaint for a writ of prohibition. The relator, through his complaint for a writ of prohibition, seeks an order from this court which prevents the respondent, the Cuyahoga County Court of Common Pleas, from proceeding to trial in the underlying case of State v. Novak, Cuyahoga County Court of Common Pleas Case No. CR-384399. Sua sponte, we dismiss the relator's complaint for a writ of prohibition for the following reasons.
The sua sponte dismissal of a writ of prohibition without notice iswarranted if the complaint is frivolous or the relator obviously cannot prevail on the facts alleged in the complaint. Cf. State ex rel. Jones v. Garfield Hts. (1997), 77 Ohio St.3d 447; State ex rel. Cossett v. State Governors Federalism Summit (1995), 74 Ohio St.3d 1416. In order for this court to issue a writ of prohibition, the relator must establish: (1) that the respondent is about to exercise judicial power, (2) that the exercise of such judicial power is unauthorized by law, and (3) that denial of the writ will cause injury for which no other adequate remedy exists. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996),74 Ohio St.3d 536. It must also be noted that absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy through an appeal. State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas (1996),76 Ohio St.3d 287.
In the case sub judice, the relator raises three separate grounds as the basis for the granting of a writ of prohibition: (1) denial of the right to a speedy trial; (2) excessive bond; and (3) improper substitution of originally assigned judge. The denial ofthe right to a speedy trial must be raised on appeal rather than by extraordinary writ. State ex rel. Williams v. Brigano (1997),78 Ohio St.3d 413; Russell v. Tate (1992), 64 Ohio St.3d 444; State ex rel. Bell v. Blair (1975), 43 Ohio St.2d 95. In addition, a complaint for a writ of habeas corpus is the proper vehicle for challenging excessive bail. A writ of prohibition may not be employed to challenge excessive bail. State ex rel. Baker v. Troutman (1990), 50 Ohio St.3d 270; In re Green (1995),101 Ohio App.3d 726; State ex rel. McFaul (Sept. 30, 1997), Cuyahoga App. No. 73124, unreported; State ex rel. Ghali v. McFaul (Oct. 15, 1996), Cuyahoga App. No. 71334, unreported.
Finally, the relator fails to allege any facts which support the claim that a substitute judge has been improperly appointed to preside over the underlying criminal matter. Pursuant to R.C.2701.03, the filing of an affidavit of disqualification with the clerk of the Supreme Court of Ohio deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the Chief Justice of the Supreme Court, or a Justice of the Supreme Court designated by the Chief Justice, rules upon the affidavit of disqualification. State ex rel. Stern v. Mascio (1998),81 Ohio St.3d 297. Herein, the relator has failed to allege or demonstrate that an affidavit of disqualification has been filed with the clerk of the Supreme Court of Ohio. Thus, prohibition, does not lie to prohibit the trial from going forward in the underlying matter of State v. Novak, Cuyahoga Common Pleas Case No. CR-384399. Cf. State ex rel. Jones v. Garfield Hts. Mun. Court, supra; State ex rel. Paige v. Lisotto (1997), 118 Ohio App.3d 418.
Accordingly, we sua sponte dismiss the relator's complaint for a writ of prohibition. Costs to relator.
Writ dismissed.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
KENNETH A. ROCCO, J., ANNE L. KILBANE, J., CONCUR