THE STATE EX REL. CITY OF CLEVELAND, APPELLANT, *v.*

SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. Cleveland v. Sutula*,

**127 Ohio St.3d 131, 2010-Ohio-5039.]**

*Prohibition — Trial court's exercise of jurisdiction is patently and unambiguously*

*unauthorized — Judgment reversed and writ granted.*

(No. 2010-0496 — Submitted September 15, 2010 — Decided October 21, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 94264,

2010-Ohio-914.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing the complaint of appellant, the city of Cleveland, for a writ of prohibition to prevent appellee, Cuyahoga County Court of Common Pleas Judge John D. Sutula, from exercising any jurisdiction over a civil case instituted by a union against the city. Because Judge Sutula patently and unambiguously lacks jurisdiction to proceed in the case where the union's claims arise from or are dependent upon the public-employment collective-bargaining rights created by R.C. Chapter 4117, we reverse the judgment of the court of appeals and grant the writ of prohibition.

**Facts**

*Negotiations for an Initial Collective-Bargaining Agreement*

{¶ 2} In July 2007, following an election conducted pursuant to R.C. 4117.07(C), the State Employment Relations Board ("SERB") certified the Municipal Construction Equipment Operators' Labor Council ("union") as the exclusive representative of a bargaining unit composed of a group of employees

in Cleveland's water and property-management divisions. Before that certification, a different union had represented these employees.

**{¶ 3}** As required by R.C. Chapter 4117, the city and the union thereafter engaged in negotiations for an initial collective-bargaining agreement. When the parties were unable to reach an agreement, SERB granted their request and appointed a mediator. See R.C. 4117.14(C)(2). In March 2009, the union declared an impasse and requested that SERB appoint a fact-finder to resolve the disputed issues. See R.C. 4117.14(C)(3). After conducting a hearing, the fact-finder issued a report and recommendations in accordance with R.C. 4117.14(C)(5).

*Strike*

**{¶ 4}** Pursuant to R.C. 4117.14(C)(6)(a) and (D)(2), the union rejected the fact-finder's recommendations and submitted a ten-day notice of its intent to strike on July 17, 2009. During subsequent negotiations, the mediator requested that Cleveland submit its last, best proposal in writing to avert a strike, and the city did so on July 16. The union rejected it and proceeded to strike. According to the city, on July 27, during the strike, the union presented a counteroffer, which the city rejected.

**{¶ 5}** The union then allegedly presented a second counteroffer, but before the city could respond to it, the union stated on July 29 that it was accepting the city's last prestrike offer and was ending the strike effective the next day. The city notified the union that because the union had rejected the prestrike offer and had gone out on strike, the offer no longer existed and could not be accepted. On July 30, all striking union members returned to work, and the city maintained their wages and other terms and conditions of employment as they existed before the strike.

*Common Pleas Court Case*

**{¶ 6}** On July 31, 2009, the union filed a complaint in the Cuyahoga County Court of Common Pleas against the city. The union alleged that Cleveland had a duty to perform in accordance with its last prestrike offer, which the union claimed it had properly accepted.

**{¶ 7}** The union requested a declaratory judgment that "(a) Defendant Cleveland refused and failed to perform in accord with Cleveland's Offer * * * [and] (c) Cleveland's failure to perform has damaged the members of the bargaining unit described in this complaint." In addition, the union requested specific performance, injunctive relief, and damages, i.e., an order requiring Cleveland to "cooperate with the * * * Union in preparing a new collective bargaining agreement (the 'New CBA') consistent with Cleveland's Offer, (b) presenting the New CBA to Cleveland City Council, with a recommendation by Cleveland's administration for its prompt approval and implementation, and the withdrawal of any contrary communication, after ratification of the New CBA by the members of this bargaining unit, and (c) to thereafter make payments to the members of this bargaining unit in accord with Cleveland's offer, with prejudgment and post judgment interest, and to otherwise fully perform in accord with Cleveland's Offer and the New CBA."

**{¶ 8}** In essence, the union claimed that the city committed unfair labor practices by interfering with the employees' exercise of their rights under R.C. Chapter 4117 and by refusing to bargain collectively with the union by ignoring a valid collective-bargaining agreement. See R.C. 4117.11(A)(1) and (5).

**{¶ 9}** Judge Sutula set a date for a trial in the case. Cleveland filed a motion to dismiss the union's complaint pursuant to Civ.R. 12(B)(6), claiming that SERB has exclusive jurisdiction over the claims, but Judge Sutula denied the motion.

*Prohibition Case*

**{¶ 10}** Shortly after its motion to dismiss was denied, Cleveland filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge Sutula from proceeding in the union's case. After the judge filed a motion to dismiss for failure to state a claim upon which relief can be granted, the court of appeals granted the judge's motion and dismissed the city's prohibition complaint. *State ex rel. Cleveland v. Sutula*, Cuyahoga App. No. 94264, 2010-Ohio-914.

**{¶ 11}** This cause is now before the court upon the city's appeal as of right from the dismissal of its complaint for a writ of prohibition.

**Legal Analysis**

*Prohibition*

**{¶ 12}** In its appeal as of right, Cleveland asserts that the court of appeals erred in dismissing its complaint. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in the city's favor, it appears beyond doubt that Cleveland could prove no set of facts entitling it to the requested extraordinary relief in prohibition. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 7.

**{¶ 13}** To be entitled to the requested writ of prohibition, Cleveland has to establish that (1) Judge Sutula is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, ¶ 15. Judge Sutula has exercised and continues to exercise judicial power in the underlying civil case.

**{¶ 14}** For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the

results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

*The Union's Claims: Exclusive Jurisdiction of SERB*

{¶ 15} Before the enactment of R.C. Chapter 4117, the Ohio Public Employees Collective Bargaining Act, "Ohio had no legal framework governing public-sector labor relations, and dealt with these issues on an *ad hoc* basis," *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 5, 22 OBR 1, 488 N.E.2d 181, and "[p]ublic employees had no constitutional or statutory right to bargain collectively * * * and no right to strike." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 169, 572 N.E.2d 87.

{¶ 16} "The current R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." Id. "The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." Id. at paragraph one of the syllabus. "Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23; *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878. Therefore, "if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided

in that chapter are exclusive." *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d 167, 572 N.E.2d 87, at paragraph two of the syllabus.

{¶ 17} The claims made by the union in the common pleas court arise from and are dependent upon the collective-bargaining rights set forth in R.C. Chapter 4117. The union claims that Cleveland has failed to abide by the agreement they reached through their collective-bargaining negotiations, which were conducted in accordance with R.C. Chapter 4117. In its complaint, the union's requests for relief are, in essence, that the city comply with R.C. 4117.09(A) by reducing the parties' purported agreement to writing and executing it and that it comply with R.C. 4117.10(B) by submitting the matter to the city council for approval and implementation.

{¶ 18} The court of appeals reached a contrary conclusion by determining that (1) no claim of an unfair labor practice has been raised by either party in the common pleas court, (2) there exists no collective-bargaining agreement between the city and the union, and (3) Judge Sutula has basic statutory jurisdiction over the union's civil action. *Cleveland*, 2010-Ohio-914, at ¶ 27.

{¶ 19} For the reasons that follow, the grounds specified by the court of appeals do not support the common pleas court's exercise of jurisdiction over the union's case.

{¶ 20} First, as noted previously, the dispositive test is whether the claims "arise from or depend on the collective bargaining rights created by R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d 167, 572 N.E.2d 87, at paragraph two of the syllabus; *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289, 667 N.E.2d 929. Therefore, "SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims." *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 156 Ohio App.3d 368, 2004-Ohio-994, 806

N.E.2d 170, ¶ 12; *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 64.

{¶ 21} Second, the union's common pleas court case alleges conduct that constitutes unfair labor practices under R.C. 4117.11(A)(1) (prohibiting a public employer from interfering with, restraining, or coercing employees in the exercise of rights guaranteed in R.C. Chapter 4117) and (5) (prohibiting a public employer from refusing to bargain collectively with a certified, exclusive bargaining representative of its employees). That is, if – as the union alleges – Cleveland has failed to comply with R.C. Chapter 4117 by ignoring a valid collective-bargaining agreement, the city is interfering with its employees' statutory collective-bargaining rights and is refusing to bargain collectively. In fact, as the record shows, the union previously filed unfair-labor-practice charges against Cleveland with SERB in 2004 under comparable circumstances: the union claimed that Cleveland had agreed to a collective-bargaining agreement but had later insisted on substantive changes to the agreement before the city would submit the agreement to its legislative body. SERB found probable cause to support the union's claims and issued a complaint charging the city with unfair labor practices under R.C. 4117.11(A)(1) and (5).

{¶ 22} Third, the lack of a collective-bargaining agreement is not dispositive. In fact, the union's claims in the underlying case are premised on its allegation that there is a collective-bargaining agreement but that the city has failed to comply with R.C. Chapter 4117 by failing to execute and implement it. Again, the dispositive issue is whether the union's claims arise from or are dependent upon R.C. Chapter 4117 collective-bargaining rights. The court of appeals' and the judge's reliance on *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365, is misplaced because in that case, the employees' common pleas court action was based on their R.C. 3319.081 contract claims – rights that

do not necessarily arise from or depend on R.C. Chapter 4117 collective-bargaining rights. Id. at 490. See also *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1998), 82 Ohio St.3d 222, 223, 694 N.E.2d 1346.

{¶ 23} Finally, the common pleas court's basic statutory jurisdiction over actions for declaratory judgment, specific performance, injunction, and damages does not vest that court with jurisdiction over the union's R.C. Chapter 4117-related claims. SERB's exclusive jurisdiction over the union's claims prevents judicial intervention before SERB has had the opportunity to act. See *Consolo v. Cleveland*, 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, ¶ 12 (questions committed to SERB pursuant to R.C. Chapter 4117 must first be addressed by SERB); see also *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 37, quoting *Fletcher v. Coney Island, Inc.* (1956), 165 Ohio St. 150, 155, 59 O.O. 212, 134 N.E.2d 371 (" '[w]here the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy' "). That is, "[a]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117." *Fraternal Order of Police*, 76 Ohio St.3d at 290, 667 N.E.2d 929, citing *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny* (1995), 105 Ohio App.3d 108, 110, 663 N.E.2d 719. The union's attempt to recast its common pleas court case as a simple contract action is thus unavailing.

{¶ 24} Therefore, because the union's claims in the common pleas court case arise from and are dependent upon the collective-bargaining rights set forth in R.C. Chapter 4117, the court of appeals erred in dismissing Cleveland's prohibition complaint. Moreover, because the pertinent facts relating to the city's prohibition claim appear uncontroverted and from those facts, it appears beyond

doubt that the city is entitled to the requested extraordinary relief, we exercise our plenary authority to grant the writ. See *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395 ("The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard").

## Conclusion

{¶ 25} Based on the foregoing, we reverse the judgment of the court of appeals and grant the writ of prohibition preventing Judge Sutula from exercising further jurisdiction in the underlying case. He patently and unambiguously lacks jurisdiction over the case because SERB has the exclusive initial jurisdiction to resolve the union's claims. "In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not be proven because the availability of alternate remedies like appeal would be immaterial." *State ex rel. State v. Lewis*, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

> Judgment reversed
> and writ granted.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., dissents.

—————————

**BROWN, C.J., dissenting.**

{¶ 26} Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123-124, 656 N.E.2d 684. Like the appellate court, I cannot conclude based on the record before us that the common

pleas court patently and unambiguously lacks jurisdiction. *State ex rel. Cleveland v. Sutula*, Cuyahoga App. No. 94264, 2010-Ohio-914, ¶ 27. Accordingly, I dissent.

_____

Zashin & Rich Co., L.P.A., Stephen S. Zashin, and Jon M. Dileno; and Robert J. Triozzi, Cleveland Law Director, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., and Stewart D. Roll, urging affirmance for amicus curiae, Municipal Construction Equipment Operators' Labor Council.

_____