[Cite as *Trumbull Cty. Bd. of Commrs. v. Gatti*, 2017-Ohio-8533.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BOARD OF TRUMBULL COUNTY COMMISSIONERS, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO.  2017-T-0027** |
| | : | |
| - vs - | : | |
| | : | |
| ROBERT GATTI, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 02192.

Judgment: Affirmed.

*Matthew J. Blair,* Blair & Latell Co., L.P.A., 724 Youngstown Road, Suite 12, Niles, OH 44446 (For Plaintiffs-Appellees).

*David L. Engler,* Engler Law Firm, 181 Elm Road, N.E., Warren, OH  44483 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1}    Appellant, Robert Gatti, appeals from the entry of summary judgment by the Trumbull County Court of Common Pleas in favor of appellees, Board of Trumbull County Commissioners, et al.  At issue is whether the trial court possessed subject matter jurisdiction over the underlying complaint and, if so, whether the trial court erred

in concluding there were no genuine issues of material fact for trial and, as such, appellees were entitled to judgment as a matter of law.  We affirm.

{¶2}    Appellant, an employee of the Trumbull County Engineer's Office, was involved in an accident on October 20, 2008, while working for the Engineer's Office. Appellant was a member of the AFSCME Local 11/AFL-CIO ("AFSCME"), which is the representative of the bargaining unit employees of the Engineer's office.  AFSCME entered into a Collective Bargaining Agreement ("CBA") for the period of April 20, 2007 through April 19, 2013, on behalf of the employees of the Engineer's Office.

{¶3}    As a result of his accident, appellant was on various leaves from October 2008 through February 14, 2011.  During his leaves, appellant collected workers' compensation benefits.  The CBA requires unit members to share in the cost of hospitalization-insurance benefits while on workers' compensation after the employee has been receiving workers'-compensation benefits for a certain period of time.

{¶4}    Consistent with the terms of the CBA, the Engineer's office continued to provide hospitalization benefits to appellant during his periods of leave.  Pursuant to the CBA, appellant was required to pay appellees a total of $10,500.64 as his proportionate share of the advanced hospitalization-insurance premiums.  Appellant made one payment toward the premiums of $185.05 in 2009.  The outstanding balance of $10,315.59 remained due.  Appellees requested appellant to pay the unpaid balance, but appellant did not do so.

{¶5}    On December 15, 2015, appellees filed a complaint against appellant asserting claims of breach of contract and unjust enrichment.  The complaint sought $10,315.59 reimbursement for appellant's portion of accrued hospitalization insurance-

2

benefit premiums while appellant was on workers' compensation leave.  Appellant filed an answer and counterclaim against appellee, Randy L. Smith, Trumbull County Engineer.  The counterclaim was ultimately dismissed, after which appellant moved the trial court for judgment on the pleadings.

{¶6}  In his motion, appellant claimed the trial court lacked subject-matter jurisdiction over appellees' claims relating to the reimbursement of his portion of the premiums.  He maintained the claims fell under the exclusive jurisdiction of the State Employee Relations Board ("SERB"), pursuant to R.C. Chapter 4117, as they arise from or are dependent upon rights created by the CBA.  In response, appellees argued the trial court possessed subject-matter jurisdiction over the case because R.C. Chapter 4117 does not provide a procedure for SERB to intervene in a dispute regarding an employee's breach of a contractual obligation for contribution under the terms of a CBA; and, because the claim does not involve or allege an unfair labor practice under the statute, the court of common pleas possessed jurisdiction to proceed.  The trial court agreed with appellees and denied appellant's motion.

{¶7}  On June 27, 2016, appellees served a request for admissions, to be answered within 28 days, upon appellant and filed a notice of discovery on June 29, 2016.  Appellant did not respond to the request for admissions and, on August 5, 2016, appellees moved to have the requests deemed admitted.  Appellant did not respond to this motion and, on August 24, 2016, the trial court deemed the requests admitted.

{¶8}  Appellees filed a motion for summary judgment to which appellant responded, again asserting his jurisdictional arguments.  On February 27, 2017, the trial court granted appellees' motion and awarded them judgment in the amount of

$10,315.59. Appellant now appeals and assigns two errors for our review. His first assignment of error provides:

{¶9} "The trial court lacked subject matter jurisdiction over this lawsuit."

{¶10} Subject-matter jurisdiction is the power conferred upon a court, either by constitutional provision or by statute, to decide a particular matter or issue on its merits. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 75 (1998). SERB is a state agency created by R.C. Chapter 4117. R.C. 4117.02(A); *see also State ex rel. Brecksville Edn. Assn., OEA/NEA v. State Emp. Relations Bd.,* 74 Ohio St.3d 665, 666 (1996). As a state agency and a creation of statute, SERB is limited to the authority and jurisdiction conferred on it by statute. *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶51; *see also Penn Cent. Transp. Co. v. Pub. Util. Comm.,* 35 Ohio St.2d 97 (1973), paragraph one of the syllabus. "When the General Assembly intends to vest an administrative agency with exclusive jurisdiction, it does so by appropriate statutory language." *State ex rel. OCSEA, supra*, at ¶52 citing *State ex rel. Banc One Corp. v. Walker,* 86 Ohio St.3d 169, 171-172 (1999).

{¶11} "Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Ohio Dept. of Mental Health v. Nadel,* 98 Ohio St.3d 405, 2003-Ohio-1632, ¶23; *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128 (1994). "Nowhere in R.C. Chapter 4117 does the General Assembly assign SERB exclusive jurisdiction over all

4

issues touching on that chapter's provisions. Instead, the General Assembly targeted specific issues for SERB to address in the first instance." *State ex rel. OCSEA, supra.* Indeed, the Supreme Court has "expressly acknowledged * * * that a plaintiff may raise in the common pleas courts rights that exist independently of R.C. Chapter 4117, "'even though they may touch on the collective bargaining relationships.'" *Id.* at ¶54 quoting *Franklin Co. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 172 (1991). Accordingly, "if a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court." *Id.* at paragraph one of the syllabus. If, however, the party advances claims that "arise from or depend on the collective bargaining rights created by R.C. Chapter 4117," SERB has exclusive, original jurisdiction. *Id.* at paragraph two of the syllabus.

{¶12} Appellant cites *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Court of Common Pleas of Franklin County*, 76 Ohio St.3d 287 (1996), in support of his position that SERB has exclusive jurisdiction over appellees' claims. Appellant emphasizes the Court's observation that "any claim which is independent of R.C. Chapter 4117, such as breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117." *State ex rel. FOP/OLC, supra*, at 290 citing *State ex rel. Cleveland City School Dist. Bd. Of Education v. Pokorny*, 105 Ohio App.3d 108, 110 (8th Dist.1991). The Supreme Court, however, found the court of common pleas patently and unambiguously lacked jurisdiction to proceed *because* the

basis of the respondent's claims were premised upon unfair labor practices as set forth under R.C. 4117.11.

{¶13} Similarly, appellant cites *Franklin Co. Law Enforcement Assn.*, *supra*, for the proposition that a court of common pleas lacks jurisdiction to decide "claims [that] were dependent on the framework established in R.C. Chapter 4117." *Id.* at 171. While this statement is accurate, the plaintiffs in *Franklin Co. Law Enforcement Assn.* were also asserting collective bargaining rights created by R.C. Chapter 4117, including unfair labor practices under R.C. 4117.11(B); interference with their right to vote, under R.C. 4117.07; and a third claim that was derivative of R.C. 4117.19(C).

{¶14} Appellant additionally cites *State ex rel. City of Cleveland v. Satula*, 127 Ohio St.3d 131 (2010), for the blank proposition that "'SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.'" *Id.* quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland,* 156 Ohio App.3d 368, 2004-Ohio-994, ¶12 (8th Dist.) Again, *Satula* dealt with claims that fell squarely within R.C. Chapter 4117, to wit: various unfair labor practice claims under R.C. 4117.11(A).

{¶15} The instant facts are distinguishable from the foregoing cases. Here, neither party made an allegation relating to an unfair labor practice; rather, appellees sought remuneration for appellant's failure to pay his proportional share of the hospitalization-insurance premium. Although appellant's duty to pay his share and appellees' right to reimbursement arise out of the CBA, there is no provision under R.C. Chapter 4117 that creates such rights or obligations. And appellant does not direct this court to any provision of R.C. Chapter 4117 under which the instant breach of contract

6

and/or unjust enrichment claims might arguably fall. In our view, therefore, appellees' right to reimbursement is independent of the rights created by R.C. Chapter 4117 and, pursuant to, inter alia, *State ex rel. OCSEA*, *supra*, the court of common pleas properly exercised jurisdiction over the case. *See also* R.C. 4117.09(B)(1) ("A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business.")

{¶16} Notwithstanding his claim that SERB possesses exclusive jurisdiction, appellant alternatively argues that, because the CBA contains a binding grievance and arbitration provision, arbitration is the exclusive means of resolving the underlying dispute. Article 8, Section 2 of the CBA, however, makes it clear that "[t]he word 'grievance' as used in this Agreement refers to an alleged failure of the *Employer* to comply with the provisions of this Agreement or the law." (Emphasis added.) In this case, appellee, the employer, is bringing suit for breach of the CBA against an employee. Accordingly, by definition, the underlying claims do not constitute a "grievance" under the CBA.

{¶17} Appellant's first assignment of error lacks merit.

{¶18} Appellant's second assignment of error provides:

{¶19} "The evidence in the record now before this honorable court does not resolve all issues of material fact."

{¶20} Summary judgment is a procedural tool that terminates litigation and thus should be entered with caution. *Davis v. Loopco Industries, Inc.,* 66 Ohio St.3d 64, 66 (1993). Summary judgment is proper where (1) there is no genuine issue of material

7

fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

{¶21} When evaluating a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 (1980). Instead, all questions must be resolved in the nonmoving party's favor. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 359 (1992). Hence, a trial court must overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.,* 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 (1986). An appellate court reviews a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996).

{¶22} In June of 2016, appellees served various requests for admissions on appellant. Among these requests were (a) whether appellant admitted he owed $10,500.64 in unpaid contributions for health-insurance premiums; (b) whether, pursuant to his obligation to contribute, appellant made a payment of $185.05 towards the amount owed; and (c) whether the calculations were true and accurate. Appellant failed to timely respond and appellees moved that the requests be deemed admitted.

8

On August 24, 2016, without objection, the trial court deemed the requests admitted facts of record.

{¶23} Appellees filed their motion for summary judgment and attached the affidavit of Nicole A. Klingeman, Fiscal Officer at the Trumbull County Engineer's Office. Ms. Klingeman's affidavit recited the background facts in support of the alleged breach of contract/unjust enrichment claims. Specifically, Ms. Klingeman averred appellant was absent from employment and receiving applicable sick leave and Workers' Compensation benefits for a period extending from October 20, 2008 through February 14, 2011; that appellant is a union employee and was provided hospitalization/insurance benefits pursuant to two CBAs, which were applicable during the period of his absence; and that, pursuant to the CBAs, appellant was required to pay a proportionate share of the cost of hospitalization insurance benefits during his absence for a work-related injury.

{¶24} Ms. Klingeman detailed the relevant portions of the CBAs, and itemized the proportional amount for which appellant was responsible. She averred the financial records of the Trumbull County Engineer's Office indicated appellant failed to pay a total of $10,315.59 of what he owed, pursuant to the agreement. In effect, the affidavit substantiated, in greater detail, the facts and figures which were deemed admitted by the trial court.

{¶25} Appellant maintains that, notwithstanding the foregoing uncontested facts, there remain material issues of fact to be resolved because they do not address a precept that appellant designates the "law-of-the-shop" doctrine. According to appellant, this principle requires an employer to apply provisions of a CBA not simply by the letter

9

of the contract, but also in the context of the customs of the plant or office in which the CBA is being applied. In support, appellant cites *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 579-580 (1960). In that case, the United States Supreme Court observed:

{¶26} "[I]t is not unqualifiedly true that a collective-bargaining agreement is simply a document by which the union and employees have imposed upon management limited, express restrictions of its otherwise absolute right to manage the enterprise, so that an employee's claim must fail unless he can point to a specific contract provision upon which the claim is founded. There are too many people, too many problems, too many unforeseeable contingencies to make the words of the contract the exclusive source of rights and duties. One cannot reduce all the rules governing a community like an industrial plant to fifteen or even fifty pages. Within the sphere of collective bargaining, the institutional characteristics and the governmental nature of the collective-bargaining process demand a common law of the shop which implements and furnishes the context of the agreement. We must assume that intelligent negotiators acknowledged so plain a need unless they stated a contrary rule in plain words." (Citation omitted) *Id.*

{¶27} Appellant maintains the foregoing, in light of an affidavit he attached to his memorandum in opposition, which indicated the Engineer's Office had previously failed to require a separate employee to pay premiums, creates a genuine issue of material fact. We do not agree.

{¶28} Preliminarily, appellant did not directly raise the "law-of-the-shop" issue in his memorandum in opposition. The affidavit of Judene Ainsley, attached to appellant's memorandum, averred that the Engineer's Office did not pursue insurance premium contribution payments from a separate employee injured on the job. This averment, however, represents an isolated instance and cannot be viewed as a so-called "law of the shop." Because the issue was not directly raised below, appellant has waived the issue on appeal.

{¶29} Even if appellant preserved the issue, it would still lack merit. The CBA in the instant case sets forth in a plain, yet detailed, manner, an employee's duty to reimburse the employer for express percentages of advanced health-insurance premiums during workers'-compensation leave. Even assuming the Engineer's Office failed to demand payment from a previous employee, this does not affect appellant's duty to pay his premiums in the instant case. The failure to make a demand in an isolated case does not establish an institutional custom. Moreover, the quoted portion of the foregoing case suggests the "law-of-the-shop" doctrine applies to a union's and/or employees' ability to place certain restraints upon employers, not simply by recourse to a CBA, but by reference to the context and customs of the occupational institution. This does not imply an employee can avoid his or her obligations, to which he or she agreed, under an unambiguous provision of a CBA.

{¶30} Appellees established appellant owed them $10,315.59 in unpaid hospitalization insurance premiums. Appellant failed to create a genuine issue of material fact relating to his obligation to pay this amount. We therefore hold appellees were entitled to judgment on their claim of breach of contract as a matter of law.

{¶31} Appellant's second assignment of error lacks merit.

{¶32} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

11

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶33} I respectfully dissent and would reverse the trial court, recognizing the SERB's exclusive jurisdiction over the Commissioners' claims that Gatti has violated the Collective Bargaining Agreement. Contrary to the majority's position, the SERB's exclusive jurisdiction has been interpreted by the Ohio Supreme Court to encompass more than concrete violations of R.C. Chapter 4117. Rather, that jurisdiction extends to "matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practice claims." (Citation omitted.) *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 20.

{¶34} The Ohio Supreme Court re-affirmed its position in *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, stating that, "if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." (Citation omitted.) *Id.* at ¶ 63; *State ex rel. Fraternal Order of Police v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 290, 667 N.E.2d 929 (1996) ("[a]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117").

{¶35} The Commissioners' claims in the present case arise from Article 12, Section 12 of the Collective Bargaining Agreement, captioned Hospitalization and Workers' Compensation Leave of Absence. Pursuant to R.C. 4117.08(A), benefits such as hospitalization are mandatory subjects of collective bargaining: "All matters

12

pertaining to wages, hours, or terms and other conditions of employment * * * are subject to collective bargaining between the public employer and the exclusive representative * * *."[1] *See also* R.C. 4117.10(A) ("[a]n agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement").

{¶36} Since the Commissioners' claims concern the wages and terms of Gatti's employment necessarily subject to the Collective Bargaining Agreement, the SERB has exclusive jurisdiction of the claims. *Couch v. Ohio Civ. Serv. Emps. Assn.*, 3d Dist. Allen No. 1-10-45, 2010-Ohio-6258, ¶ 25 ("[t]he trial court correctly recognized that Appellants' claims are a seniority dispute governed by the terms and conditions of employment established in a CBA between the parties, and that it did not have subject matter jurisdiction pursuant to R.C. 4117"); *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 65 (2d Dist.) ("[b]ecause the matters alleged in the present case [denial of requests for retirement incentives] arise from, or depend upon, the collective bargaining agreement, we conclude that SERB has exclusive jurisdiction over Carter and Toney's claims"); *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny*, 105 Ohio App.3d 108, 111, 663 N.E.2d 719 (8th Dist.1995) ("[t]he ability of Taylor to receive assault leave benefits is related directly to the past and present collective bargaining agreements and as such must be addressed through the remedies provided by R.C. Chapter 4117").

---

1. Admittedly, appellant's counsel did not "direct this court to any provision of R.C. Chapter 4117 under which the instant breach of contract action and/or unjust enrichment claims might arguably fall." *Supra* at ¶ 15. A court's subject matter jurisdiction, however, is not determined by the arguments put forth by the litigants. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19.

{¶37} For the foregoing reasons, I respectfully dissent and would reverse the decision of the trial court.