**HAYNES et al., Appellants,**

v.

**OHIO TURNPIKE COMMISSION et al., Appellees.**

[Cite as *Haynes v. Ohio Turnpike Comm.*, 177 Ohio App.3d 1, 2008-Ohio-133.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89342.

Decided Jan. 17, 2008.

**2**

Sindell and Sindell, L.L.P., and Steven A. Sindell, for appellants.

Janik, Dorman & Winter, L.L.P., Charles C. Spagnoli, and Andrew J. Dorman, for appellees.

Gittes & Schulte and Frederick M. Gittes; and Christina M. Royer, for amicus curiae Ohio Employment Lawyers Association.

Ulmer & Berne, L.L.P., and Barton A. Bixenstine, for amicus curiae Ohio Management Lawyers Association.

Squire, Sanders & Dempsey, L.L.P., David J. Millstone, and Ryan A. Sobel, for amicus curiae Ohio Management Lawyers Association.

FRANK D. CELEBREZZE JR., Presiding Judge.

{¶ 1} Appellants, Bennie and Melanie Haynes, appeal the trial court's decision to grant the motion to dismiss filed by appellees, the Ohio Turnpike Commission ("OTC") and Robin Carlin (collectively, "appellees"). After a thorough review of the record, and for the reasons set forth below, we reverse and remand.

{¶ 2} Bennie Michael Haynes was employed by the OTC, a public employer under R.C. 4117.01(B), as a section roadway maintenance employee for 19 years. Robin Carlin is the director of human resources for the OTC. On March 3, 2006, the OTC terminated Haynes's employment. According to the OTC, Haynes was

terminated for leaving the scene of an accident that occurred during one of his shifts. On the day he was terminated, Haynes was 53 years old.

{¶ 3} On March 6, 2006, Haynes filed a grievance with his union, Teamsters Local Union No. 436 ("the Teamsters") because he did "not agree with [the] discipline imposed." In his affidavit, Haynes stated that he was told by the Teamsters' attorney in June 2006 that David Millstone, the OTC's attorney, "did not expect to win the arbitration challenging my termination" because over one year had passed between the incident and Haynes's termination. "However, if I did win the arbitration and was reinstated, * * * I would be fired the same day I returned because I had six points on my commercial driver's license."

{¶ 4} On August 25, 2006, appellants filed a complaint in the common pleas court for discriminatory wrongful termination based on age, in violation of R.C. 4112.02(A) and 4112.99, and loss of consortium on behalf of Haynes's wife, Melanie.

{¶ 5} On September 25, 2006, appellees filed a motion to dismiss the complaint under Civ.R. 12(B)(1) and (6). In the motion to dismiss, appellees argued that because Haynes was a public employee and a member of the Teamsters, his exclusive remedy for his age-discrimination claim was under the collective-bargaining agreement between the Teamsters and the OTC. Further, appellees argued that Haynes failed to exhaust his remedies under the collective-bargaining agreement. Haynes argued that the agreement was not the exclusive remedy and that he was not required to exhaust his remedies under the agreement before pursuing a claim in the common pleas court. Appellees alleged that R.C. 4117.10(A) precluded Haynes from filing suit.

{¶ 6} The trial court granted appellees' motion to dismiss on December 27, 2006. On January 24, 2007, appellants filed a notice of appeal. On March 30, 2007, appellants filed their brief, and an amicus curiae brief was filed on behalf of appellants by the Ohio Employment Lawyers Association ("OELA"). An amicus curiae brief was filed on behalf of appellees by the Ohio Management Lawyers Association.

{¶ 7} Under Article 6.1 of the collective-bargaining agreement, "neither the commission nor the union shall unlawfully discriminate against any employee of the bargaining units on the basis of race, sex, color, religion, age, * * * or discriminate in the application or interpretation of the provisions of this Agreement." (Emphasis added.)

{¶ 8} Under Article 11.1 of the collective-bargaining agreement, there is a grievance procedure for "any complaint, controversy, or dispute arising between the Commission and * * * any employee." Arbitration is the final step. Article

4

12.4 provides an arbitration procedure in which the decision of the arbitrator is "final and binding."

## Standard of Review

{¶ 9} Appellants appeal the trial court's granting of appellees' motion to dismiss. Under Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.

{¶ 10} For a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753. Because factual allegations in the complaint are presumed to be true, only legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. *Hunt v. Marksman Prod., Div. of S/R Indus., Inc.* (1995), 101 Ohio App.3d 760, 656 N.E.2d 726.

{¶ 11} "In determining whether a plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, a trial court is not confined to the allegations of the complaint, and it may consider evidentiary material pertinent to such inquiry without converting the motion to a motion for summary judgment." *Tibbs v. Kendrick* (1994), 93 Ohio App.3d 35, 637 N.E.2d 397. A court reviewing an appeal of a dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) reviews the matter de novo. *Newell v. TRW, Inc.* (2001), 145 Ohio App.3d 198, 762 N.E.2d 419.

## Review and Analysis

{¶ 12} Appellants bring their appeal, asserting three assignments of error for our review. Because assignments of error one and two are substantially interrelated, they will be addressed together.

{¶ 13} "I. An employee is not required to exhaust the available remedies in a collective-bargaining agreement before filing a complaint for damages for age discrimination pursuant to O.R.C. 4112.99.

{¶ 14} "II. Even if, arguendo, a collective-bargaining agreement may waive an employee's statutory right, such waiver must be clear, unmistakable, and specific."

{¶ 15} Appellants argue that an employee is not required to exhaust the remedies in the collective-bargaining agreement before filing a complaint for age discrimination. More specifically, they argue that, under Ohio case law, a collective-bargaining agreement, even if it contains an antidiscrimination clause, does not supercede an employee's statutory rights. This argument has merit.

{¶ 16} Under R.C. 4117.10(A), if the collective-bargaining agreement "provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure." Further, under Ohio case law, "[i]f a labor contract sets forth a grievance procedure to be used in resolving disputes between an employer and an employee, common pleas courts have no subject matter jurisdiction unless the procedures are exhausted. *Ladd v. New York Central Rd. Co.* (1960), 170 Ohio St. 491, 503 [11 O.O.2d 245], 166 N.E.2d 231; *Goode v. Cleveland* (Dec. 6, 1990), Cuyahoga App. No. 57632 [1990 WL 193295]. * * * Furthermore, where a collective bargaining agreement provides for final and binding arbitration of grievances, the Public Employees Collective Bargaining Act, R.C. 4117.01, et seq., precludes an employee from seeking redress beyond the grievance process." *Hall v. Cleveland Dept. of Public Utilities,* Cuyahoga App. No. 82034, 2003-Ohio-1964, 2003 WL 1901335.

{¶ 17} As discussed above, ordinarily, an employee must first exhaust his remedies via the grievance procedure outlined in his collective-bargaining agreement. However, in light of our holding in *Minnick v. Middleburg Hts.,* Cuyahoga App. No. 81728, 2003-Ohio-5068, 2003 WL 22215612, we find that Haynes's statutory rights under R.C. Chapter 4112 are "distinct from any right conferred by the collective bargaining agreement" and are therefore "independent of the arbitration process."

{¶ 18} Contractual collective-bargaining rights are distinct from statutory rights. Here, Haynes filed suit in common pleas court for alleged age discrimination under R.C. 4112.02(A). Haynes's statutory rights are different from any contractual rights he may have under his collective-bargaining agreement. Therefore, while Haynes's contractual rights are subject solely to the collective-bargaining agreement, his statutory rights are not. Further, "[a]ny agreement in a collective bargaining agreement to arbitrate a statutory claim * * * must be 'clear and unmistakable.' *Wright v. Universal Maritime [Serv.] Corp.* (1998), 525 U.S. 70, 82, 119 S.Ct. 391, 142 L.Ed.2d 361. Absent a clear waiver, it is not appropriate to find an agreement to arbitrate." *Minnick,* 2003-Ohio-5068, 2003 WL 22215612, at ¶ 23. Here, the collective-bargaining agreement, while mention-

ing that the employer may not discriminate based on age, does not contain a clear and unmistakable agreement to arbitrate statutory claims.

{¶ 19} The United States Supreme Court has held that "[i]n submitting his grievance to arbitration, an employee seeks to vindicate his contractual rights under a collective-bargaining agreement * * * in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress." *Alexander v. Gardner–Denver Co.* (1974), 415 U.S. 36, 49, 94 S.Ct. 1011, 39 L.Ed.2d 147. If we follow this reasoning under state law, the collective-bargaining agreement would cover Haynes's contractual rights; however, in filing a lawsuit under R.C. 4112.02(A), he is asserting an independent statutory right.

{¶ 20} In addition, in *Wilson v. Glastic Corp.*, 150 Ohio App.3d 706, 2002-Ohio-6821, 782 N.E.2d 1208, this court held that "[b]ecause the claims under the collective bargaining agreement and those pursuant to statute are separate and independent of each other, * * * the failure to pursue the grievance process to final arbitration is of no consequence." By filing a claim for retaliatory discharge under R.C. 4123.90, an employee asserts a statutory right independent of a collective-bargaining agreement. Id. Another appellate court has also found that an employee who has abandoned a grievance procedure can still bring a statutory claim in the court of common pleas. *Luginbihl v. Milcor Ltd. Partnership*, Allen App. No. 1–01–162, 2002-Ohio-2188, 2002 WL 987853.

{¶ 21} Finally, in *Youghiogheny & Ohio Coal Co. v. Oszust* (1986), 23 Ohio St.3d 39, 41, 491 N.E.2d 298, the Ohio Supreme Court held that an employee could file a claim for unemployment compensation as a "statutory right independent of the arbitration process."

{¶ 22} In Haynes's grievance, he alleged that he did "not agree with the discipline imposed." Essentially, his grievance concerned his contractual rights. In his lawsuit, he alleged age discrimination, a statutory claim. We find that Haynes's statutory claims are distinct from his collective-bargaining agreement rights; therefore, they are "independent of the arbitration process." *Minnick*, supra, at ¶ 22. He was not required to exhaust his administrative remedies before filing a lawsuit based on age discrimination. Accordingly, appellants' first and second assignments of error are sustained.

{¶ 23} "III. O.R.C. 4112.14(C) does not preclude a union member employee covered by a collective bargaining agreement from pursuing an age discrimination claim in court pursuant to O.R.C. 4112.99."

{¶ 24} Appellants argue that R.C. 4112.14(C) does not preclude union member employees from pursuing an age-discrimination claim under R.C. 4112.99. Under R.C. 4112.14(C), "the cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the *employee has*

*available to the employee the opportunity to arbitrate* the discharge or where a discharge has been arbitrated and has been found to be for just cause." (Emphasis added.)

{¶ 25} Appellants and appellees agree that this issue was not raised in the trial court; therefore, it is not properly before this court.[1] A "party may not raise issues or assert new legal theories for the first time before an appellate court." *Fed. Deposit Ins. Corp. v. Willoughby* (1984), 19 Ohio App.3d 51, 19 OBR 134, 482 N.E.2d 1267. The first time R.C. 4112.14(C) was raised was in the appellate briefs of appellants and the OELA; therefore, we find that this matter is not properly before this court. Accordingly, appellants' third assignment of error is overruled.

{¶ 26} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

McMONAGLE and BOYLE, JJ., concur.

---

1. According to appellants, "this matter is being addressed by Appellants at this time because it has been raised in the amicus brief of the Ohio Employment Lawyers Association. It is Appellants' position that any issue concerning this statute is not properly before this Court of Appeals."