[Cite as *Chenevery v. Greater Cleveland Regional Transit Auth.*, 2013-Ohio-1902.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99063**

## ARTHUR W. CHENEVEY

PLAINTIFF-APPELLANT

vs.

## GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-784919

**BEFORE:** McCormack, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEYS FOR APPELLANT**

Matthew M. Ries
Chastity L. Christy
Caryn M. Groedel
Caryn Groedel & Associates
31340 Solon Road
Suite 27
Solon, OH 44139


**ATTORNEY FOR APPELLEES**

Kathleen M. Minahan
Greater Cleveland R.T.A.
Root-McBride Bldg., 6th Floor
1240 West 6th Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Plaintiff-appellant, Arthur W. Chenevey ("Chenevey"), appeals the trial court's decision dismissing Chenevey's Amended Complaint in favor of defendants-appellees, Greater Cleveland Regional Transit Authority and Joseph A. Calabrese ("RTA"). The trial court determined that its jurisdiction was preempted by the parties' collective bargaining agreement ("CBA"). For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶2} Chenevey, a 59-year-old Caucasian male, was employed by RTA as a patrolman from September 1990 until December 2011, when he left employment. On or about July 29, 2006, he applied for and took the RTA-administered examination for a vacant RTA sergeant position. Chenevey's score on the exam placed him 11th on RTA's eligibility list. Chenevey states that this eligibility list expired on August 28, 2009.

{¶3} Pertaining to this eligibility list of 2006, Chenevey further asserts as follows: (1) Between September 2006 and August 2009, nine RTA employees who had taken the same exam and who were ranked between one and nine on the eligibility list were promoted to the rank of sergeant; (2) On or about October 22, 2009, Joseph A. Calabrese, RTA's chief executive officer, restored the previously expired eligibility list and extended it to December 31, 2009; (3) In November 2009, Calabrese created a new

sergeant position and selected Orlando Hudson, a similarly situated, substantially younger, African-American coworker for that position.

{¶4} In August 2010, Chenevey states that he was promoted to acting sergeant based on his ranking on the 2006 eligibility list. According to Chenevey, he was told that he would remain in this position until the promotion paperwork was complete, and at that time, he would be promoted to full sergeant. Chenevey claims that this promotion was later rescinded because, as he was told, the 2006 eligibility list had expired on August 28, 2009, and it could not be used to promote him to sergeant. Chenevey asserts that RTA refused to restore and extend the 2006 eligibility list, despite having done so for the promotion of Orlando Hudson.

{¶5} Thereafter, in December 2010, Chenevey interviewed for an opening in RTA's transit police detective bureau. Chenevey claims that he was passed over for that position in favor of Bill Lowe, a similarly situated, substantially younger, African-American coworker. According to Chenevey, because it became evident to him that he would not be hired for job openings, he left his position with RTA on December 1, 2011.

{¶6} The eligibility list at issue in this case is governed by the collective bargaining agreement ("CBA") in place between RTA and the Fraternal Order of Police Ohio Labor Council, Inc. ("FOP"). There are two relevant CBAs in this matter. The CBA that was effective from March 1, 2007, through February 28, 2010, contains an appendix entitled "Promotions" and was executed on April 30, 2007. It states as follows:

In accordance with Article 28, Promotions, the [RTA] shall provide the [FOP] the current seniority and final entrance exam lists as they are developed and become available, but no later than 15 work days. In addition, the [RTA] will provide the final promotional list for the rank of Sergeant as it is developed and becomes available, but no later than 15 work days. The provision shall not apply to the non-bargaining positions.

Sergeant eligible lists will have an expiration date of no more than 4 years from the date of creation. A Sergeant eligibility list will be created at the discretion of management and the expiration of an eligible list does not dictate the creation of a new eligible list.

It also contains an appendix entitled "Patrol Officer & Dispatcher Eligible List," which was executed on the same date. This appendix states as follows:

Patrol Officer and Dispatcher eligible lists will have an expiration date of no more than 4 years from the date of creation. Management will make good faith efforts to establish eligible lists for Patrol Officer and Dispatcher if cost effective at the expiration of the current lists. Patrol Officer and Dispatcher eligibility lists will be created at the discretion of management and the expiration of an eligible list does not dictate the creation of a new eligible list.

**{¶7}** The CBA in effect from March 1, 2011, through February 28, 2014, contains identical appendices, entitled "Promotions" and "Patrol Officer & Dispatcher Eligible List." They were both executed on June 21, 2011. In his complaint, Chenevey asserts that his claims are based on his ranking on the "2006 eligibility list" and he was told that this list "expired on August 28, 2009."

## Assignment of Error

The trial court erred in granting defendants-appellees' motion to dismiss plaintiff-appellant's complaint in its entirety.

## Standard of Review

{¶8} RTA filed a motion to dismiss Chenevey's complaint pursuant to Civ.R. 12(B)(1), for lack of subject matter jurisdiction, or in the alternative, pursuant to Civ. R. 12(B)(6), for failure to state a claim for which relief can be granted. The trial court granted RTA's motion to dismiss and, accordingly, dismissed Chenevey's complaint in its entirety. Chenevey now appeals.

{¶9} A motion to dismiss for failure to state a claim upon which relief can be granted, filed under Civ.R. 12(B)(6), is procedural and it tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). It is well settled that when a party files a motion to dismiss for failure to state a claim, "all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

{¶10} In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). Because factual allegations in the complaint are presumed true, only legal issues are presented, and an entry of dismissal on

the pleadings will be reviewed de novo. *Hunt v. Marksman Prod., Div. of S/R Indus., Inc.*, 101 Ohio App.3d 760, 762, 656 N.E.2d 726 (9th Dist.1995).

{¶11} In determining whether a plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, however, "a trial court is not confined to the allegations of the complaint, and it may consider evidentiary material pertinent to such inquiry without converting the motion to a motion for summary judgment." *Tibbs v. Kendrick*, 93 Ohio App.3d 35, 39, 637 N.E.2d 397 (8th Dist.1994). A court reviewing an appeal of a dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) reviews the matter independently of the trial court's decision. *Newell v. TRW, Inc.*, 145 Ohio App.3d 198, 200, 762 N.E.2d 419 (6th Dist.2001).

## Law and Analysis

{¶12} Chenevey claims that the trial court erred in granting RTA's motion to dismiss. Chenevey essentially argues that his claims against RTA are brought pursuant to statutory rights and not any claimed rights under the CBAs. For the reasons that follow, we disagree.

{¶13} In this case, Chenevey argues that his discrimination claims are statutory in nature and, therefore, he is permitted to forego the grievance and arbitration mechanisms outlined in the prevailing CBAs. Specifically, he asserts that his discrimination claims against RTA should be remedied by the courts in order to serve the remedial purpose

specifically set forth in Chapter 4112 of the Ohio Revised Code as "liberally construed for the accomplishment of its purposes * * *." R.C. 4112.08.

{¶14} Chapter 4117 of the Ohio Revised Code governs disputes between an employer and an employee where a CBA is in place. It sets forth a "comprehensive statutory scheme for collective bargaining for public employees." *Bailey v. Ohio Dept. of Transp.*, 8th Dist. No. 80818, 2002-Ohio-6221, ¶ 21, citing *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 539 N.E.2d 103 (1989). This scheme outlines "very specific rights and duties for public employers, public employees and their unions in making such agreements. It also sets out the remedies available for enforcing those rights and duties." *Id.*, citing *Johnson v. Ohio Council Eight*, 146 Ohio App.3d 348, 352, 766 N.E.2d 189 (8th Dist.2001). "Where the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation," the remedy is exclusive and the courts may not intervene. (Citations omitted.) *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police*, 59 Ohio St.3d 167, 169, 572 N.E.2d 87 (1991).

{¶15} R.C. 4117.10(A) provides that an "agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement." The statute further states:

> If the agreement provides for a final and binding arbitration of grievances,
>
> public employers, employees, and employee organizations are subject solely

to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees.

*Id.*

{¶16} In essence, Chapter 4117 "created a series of new rights and set forth the remedies and procedures to be applied to those rights." *Franklin Cty. Law Enforcement Assn.* at 170. These remedies, as outlined in the statute, are exclusive, and R.C. 4117.10 does not provide for the filing of a private action with respect to the above statutorily created rights. *Id.*

{¶17} A common pleas court, however, has general jurisdiction to consider a complaint that asserts a violation of rights independent of a collective bargaining agreement "or [R.C. 4117]." *Brannen v. Bd. of Edn., Kings Loc. School Dist.*, 144 Ohio App.3d 620, 629, 761 N.E.2d 84 (12th Dist.2001). In some cases, a party's statutory rights can differ from contractual rights he may have under a collective bargaining agreement. *See Haynes v. Ohio Turnpike Comm.*, 177 Ohio App.3d 1, 2008-Ohio-133, 893 N.E.2d 850, ¶ 18 (8th Dist.).

**{¶18}** If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. "However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." *Franklin Cty. Law Enforcement Assn.*, 59 Ohio St.3d at paragraph 2 of the syllabus, 572 N.E.2d 87. The "dispositive test," therefore, in determining whether the common pleas court has jurisdiction over a claim by a party to a CBA, is whether the party's claims "arise from or depend on the collective bargaining rights" outlined by Chapter 4117. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 20, quoting *Franklin Cty. Law Enforcement Assn.* at paragraph 2 of the syllabus; *Gudin v. W. Reserve Psychiatric Hosp.*, 10th Dist. No. 00AP-912, 2001 Ohio App. LEXIS 2634 (June 14, 2001) (finding state law claims are preempted where the state law claim is based on rights created by the CBAs or the rights are created by state law, but the application of the law is dependent on an interpretation of a CBA).

**{¶19}** In this case, Chenevey alleges reverse race discrimination, age discrimination, and constructive discharge in violation of R.C. Chapter 4112. R.C. Chapter 4112 "is the embodiment of Ohio's staunch resolve to remedy instances of discrimination based on 'race, color, religion, sex, national origin, handicap, age, or ancestry of any person.'" *Campolieti v. Cleveland, Dept. of Public Safety*, 184 Ohio App.3d 419, 2009-Ohio-5224, 921 N.E.2d 286, ¶ 14 (8th Dist.), quoting R.C. 4112.02(A). The statute identifies certain unlawful employer discriminatory practices:

It shall be an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, * * * age, * * * to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions or privileges of employment, or any matter directly or indirectly related to employment.

R.C. 4112.02(A).

{¶20} This court has held that statutory rights under R.C. Chapter 4112 are "distinct from any right conferred by the collective bargaining agreement" and they are, therefore, "independent of the arbitration process." *Haynes*, 177 Ohio App.3d 1, 2008-Ohio-133, 893 N.E.2d 850, ¶ 17, quoting *Minnick v. Middleburg Hts.*, 8th Dist. No. 81728, 2003-Ohio-5068, ¶ 22. Accordingly, we have held that where a collective bargaining agreement contains an antidiscrimination clause, this clause does not necessarily supercede an employee's statutory rights. *Haynes* at ¶ 18.

{¶21} As we previously stated, however, any claim that is made independent of R.C. Chapter 4117, still falls within the exclusive jurisdiction of the State Employment Relations Board ("SERB") "if the asserted claim arises from or is dependent on the collective bargaining rights" created by R.C. Chapter 4117.[1] *State ex rel. Cleveland*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 23. We, therefore, must decide whether Chenevey's discrimination claims arise from, or depend on, the CBA in place at the time of the alleged discrimination.

---

[1] The SERB has exclusive jurisdiction to decide matters committed to it under R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn.* at paragraph 2 of the syllabus.

**{¶22}** The Ohio Supreme Court has established that the four-prong test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), sets forth the formula that courts should apply "to ferret out impermissible discrimination in the hiring, firing, promoting, and demoting of employees." *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 196-197, 421 N.E.2d 128 (1981).[2]

**{¶23}** Generally, a prima facie case of racial discrimination under *McDonnell Douglas* requires a plaintiff to establish as follows: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position lost or not gained; and (4) the position remained open or was filled by a person not of the protected class. *McDonnell Douglas* at 802. In disparate treatment cases, the fourth element may be replaced with the requirement that the plaintiff show that he was treated differently from similarly-situated individuals. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992). The fourth prong of this analysis has been broadened to allow a plaintiff to show that a "substantially younger" individual, rather than "a person not of the protected class," filled the position. *Coryell v. Bank One Trust Co.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, ¶ 20. Essentially, the same standard applies to a claim

---

[2] R.C. Chapter 4112 is Ohio's counterpart to Section 2000e, Title 42, U.S. Code (Title VII). We can, therefore, apply federal authority to cases involving alleged violations of R.C. Chapter 4112. *Oleksiak v. John Carroll Univ.*, 8th Dist. No. 84639, 2005-Ohio-886, ¶ 16, citing *Genaro v. Cent. Transport, Inc.*, 84 Ohio St.3d 293, 295, 703 N.E.2d 782 (1999); *Plumbers & Steamfitters Joint Apprenticeship Commt.*, 66 Ohio St.2d at 196, 421 N.E.2d 128.

for age discrimination.  *Oleksiak*, 8th Dist. No. 84639, 2005-Ohio-886, ¶ 17; *Coryell* at ¶ 20.

**{¶24}** Additionally, in a case of reverse race discrimination, the first element is modified to require that the plaintiff establish that the defendant is the unusual employer who discriminates against the majority.  *Lennon v. Cuyahoga Cty. Juvenile Court*, 8th Dist. No. 86651, 2006-Ohio-2587, ¶ 9, citing *Carney v. Cleveland Heights-University Heights City School Dist.*, 143 Ohio App.3d 415, 428, 758 N.E.2d 234 (8th Dist.2001).

**{¶25}** If a plaintiff is able to establish a prima facie case of discrimination under *McDonnell Douglas*, then a presumption is created that the employer unlawfully discriminated against the employee, and the burden shifts to the defendant to produce evidence that its actions regarding the plaintiff were based on legitimate nondiscriminatory reasons.  *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The burden, thereafter, switches to the plaintiff, who must show that defendant's stated justification is, in fact, merely a pretext for unlawful discrimination.  The ultimate burden of persuasion remains at all times with the plaintiff.  *Id.*

**{¶26}** Chenevey also claims that his resignation from his position as patrol officer was constructive discharge.  Courts in Ohio generally apply an objective test in order to determine when an employee is constructively discharged.  *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 588-589, 664 N.E.2d 1272 (1996), citing *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1160-1161 (3d Cir.1993).  This test for determining whether an

employee has been constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign. *Id.*

**{¶27}** In support of his age and race discrimination claims, Chenevey alleges as follows: (1) RTA restored and extended the previously expired eligibility list in order to promote a substantially younger, similarly situated, African-American employee; (2) RTA did not restore and extend the expired eligibility list in order to promote Chenevey during his tenure as acting sergeant; (3) he was ranked 11th on RTA's eligibility list; (4) he was passed over for another position in the detective bureau in favor of a substantially younger, similarly situated, African-American coworker; and (5) he was qualified for the sergeant and detective positions. Chenevey also claims, in support of his constructive discharge claim, that he was humiliated twice in being passed over for job openings or promotions in favor of substantially younger, similarly situated, African-American coworkers. He further claims that it became evident to him that his efforts in applying for new job openings or promotions would be futile, and he, therefore, resigned from the department.

**{¶28}** All of these aforementioned claims hinge on the terms of the CBA in place during Chenevey's employment. Chenevey's discrimination claims cannot be resolved by a purely factual inquiry into RTA's motive or conduct. In order to prove the alleged discrimination, Chenevey must show that he was qualified for the positions for which he applied. The determination of his qualifications necessarily requires an interpretation of

the 2006 eligibility list contained within the CBA, specifically with respect to whether RTA was obligated to extend the eligibility list and when Chenevey's eligibility for the open position originated. The expiration date of the eligibility list is determinative, and an analysis of the CBA is necessary in order to discern whether RTA acted in accordance with the terms or the conditions of the CBA or whether its conduct was wrongful, or discriminatory.

{¶29} Additionally, Chenevey's claims of constructive discharge also implicate the terms of the CBA's 2006 eligibility list. Chenevey's claims that he was humiliated after twice being denied job openings for sergeant and detective positions in favor of less qualified, substantially younger, African-American coworkers; that RTA rescinded a promotion to sergeant, based upon the expiration of the eligibility list; and that he resigned when it became evident he would not be promoted or hired for new job openings require an examination of the eligibility list in order to ascertain whether RTA's conduct in hiring allegedly substantially younger, similarly situated, African-American coworkers and in repeatedly failing to promote Chenevey was wrongful. If RTA's actions were supported by the terms of the CBA, then no liability can attach for such conduct.

{¶30} Accordingly, because we find that Chenevey's claims arise from, or are dependent upon, the interpretation of the collective bargaining agreement at issue and, consequently, the rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. Chapter 4117, therefore, preempts Chenevey's claims of race discrimination, age discrimination, and constructive discharge. As such, the trial court

properly granted RTA's motion to dismiss for lack of subject matter jurisdiction. Chenevey's assignments of error are hereby overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed     The     court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR