[Cite as *Williams v. Metro*, 2018-Ohio-2507.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THEODORE WILLIAMS, | : | APPEAL NO. C-170423 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1603301 |
| vs. | : | *O P I N I O N.* |
| METRO, a.k.a. SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY (SORTA), | : | |
| and | : | |
| AMALGAMATED TRANSIT UNION LOCAL 627, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
        Remanded

Date of Judgment Entry on Appeal: June 27, 2018

*William D. Bell, Sr.,* for Plaintiff-Appellant,

*Dinsmore and Shohl,* *Allison L. Goico* and *Susan H. Jackson* for Defendant-
Appellee *Metro,*

*Jubelirer, Pass and Intrieri, P.C.,* and *Joseph S. Pass, Jr.,* for Defendant-Appellee
*Amalgamated Transit Union Local 627.*

**ZAYAS, Judge.**

### Background

{¶1}    Plaintiff-appellant Theodore Williams was employed as a mechanic by the Southwest Ohio Regional Transit Authority ("SORTA"), also known as Metro. Williams was also a member of the Amalgamated Transit Union Local 627 ("the union"), which was a party to a collective bargaining agreement ("CBA") with SORTA.   Williams had been disciplined at work for engaging in a physical altercation, and was offered a "Last Chance and Settlement Agreement" ("last chance agreement").   The last chance agreement was a document signed by SORTA, the union, and Williams, acknowledging that, in exchange for not being fired for the current violation of workplace rules, Williams and the union agreed not to challenge Williams's discharge for any future infraction.   Williams was disciplined again for "[w]illful misuse of a timecard."  He was put on a second last chance agreement.  Two months later, Williams was seen away from his SORTA workplace while still clocked in. SORTA terminated his employment.

{¶2}    Williams and the union filed a grievance to contest Williams's discharge pursuant to the CBA.  SORTA upheld its decision to terminate Williams.

{¶3}    Williams wanted to pursue his wrongful-discharge claim by taking the matter to arbitration under the CBA.   Arbitration required a vote by the union members.   They voted not to pursue arbitration.

{¶4}    Williams filed suit against SORTA and the union.   He alleged two claims against SORTA. The first claim was for wrongful discharge. The second claim was for discrimination as Williams claimed that two other employees, one of whom was Hispanic and younger and one of whom was Caucasian, had signed last chance agreements but were not discharged by SORTA for similar infractions.  Williams's

third claim was against the union, and alleged that, by refusing to pursue his claim through arbitration, the union had breached its contractual duty to fairly represent him.

{¶5}   The union filed a motion to dismiss the third count of the complaint on the basis that SORTA is a public employer, and therefore, claims against the union for unfair labor practices must be filed with the State Employment Relations Board ("SERB").

{¶6}   SORTA filed a motion to dismiss the wrongful-discharge claim on the ground that it was governed by the CBA and was, therefore, under the exclusive jurisdiction of SERB.

{¶7}   The trial court dismissed the complaint.  On appeal, Williams presents two assignments of error.  We hold that the trial court erred by dismissing the second count of the complaint against SORTA, which alleged discrimination, and reverse the trial court's judgment as to that claim.

### Exclusive Jurisdiction of SERB

{¶8}   Williams's first assignment of error alleges that the trial court erred by dismissing his claim against the union, which alleged an unfair labor practice against the union because it had failed to fairly represent Williams by not pursuing his grievance through arbitration.  Pursuant to R.C. 4117.11(B)(6), which states that "[i]t is an unfair labor practice for an employee organization, its agents, or representatives * * * to [f]ail to fairly represent all public employees in a bargaining unit," this claim must be addressed by SERB which has exclusive jurisdiction.  *See  E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127, 637 N.E.2d 878 (1994); *State ex rel. Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23.  William's first assignment of error is overruled.

3

{¶9}    Williams's second assignment of error alleges that the trial court erred by dismissing his claims against SORTA. The first count of William's complaint was for wrongful termination.   Williams's employment with SORTA was covered by the CBA between SORTA and the union. Section 3 of the CBA is titled "Disciplinary Action and Grievances."   Section 3(b) states that "[t]here shall be no discharge, suspension or other disciplinary action without sufficient cause or without notification to [the] employee of [the] reason, in writing."   The CBA then outlines the procedure to be followed to pursue a grievance.   "With limited exception, the Ohio Revised Code bestows exclusive jurisdiction on SERB for the resolution of disputes between public employers and employees where those disputes arise from the employment relationship." *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2016-Ohio-5934, 71 N.E.3d 655 ¶ 14 (8th Dist.).   Whether Williams's termination was appropriate under the CBA is a determination that SERB has exclusive jurisdiction to make.   *See Carter v. Trotwood-Madison City Bd. of Edn.,* 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 65-72 (2d Dist.); *Brown v. Cincinnati Pub. Schools*, 1st Dist. Hamilton No. C-150345, 2016-Ohio-4675, ¶ 14.

### *Discrimination Claim*

{¶10} The second count of Williams's complaint, however, alleges a discrimination claim. Specifically, Williams alleges disparate treatment in that he was treated differently than younger and non-African-American employees.   This court has held that a statutory discrimination claim can be brought separately from contractual employment claims that are covered by a CBA.   *Thomas v. General Elec. Co.*, 131 Ohio App.3d 825, 830, 723 N.E.2d 1139 (1st Dist.1999); s*ee Haynes v. Ohio Turnpike Comm.*, 177 Ohio App.3d 1, 2008-Ohio-133, 893 N.E.2d 850 (8th Dist.) (statutory discrimination rights are distinct from contractual rights and are

4

independent of the arbitration process). The dispositive test is whether the claims arise from or depend on collective-bargaining rights created by R.C. Chapter 4117. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 57; *State ex rel. Cleveland v. Sutula,* 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 22; *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police,* 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), paragraph two of the syllabus; *Cheveney v. Greater Cleveland Regional Transit Auth.*, 2013-Ohio-1902, 992 N.E.2d 461, ¶ 17-18 (8th Dist.). Williams's discrimination claim does not arise from, nor is it dependent upon, the CBA, and therefore, R.C. Chapter 4117 does not provide the exclusive remedy. We hold that it was error for the court to have dismissed it. The second assignment of error is sustained as to the discrimination claim and overruled as to the wrongful-termination claim.

### *Conclusion*

{¶11} Accordingly, we reverse the trial court's judgment dismissing William's discrimination claim and remand this cause to the trial court for further proceedings on that claim. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

This court has recorded its own entry on the date of the release of this opinion.