[Cite as *Fairland Assn. of Classroom Teachers v. Fairland Local Bd. of Edn.*, 2017-Ohio-1098.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| FAIRLAND ASSOCIATION OF CLASSROOM TEACHERS, OEA/ NEA, ET AL., | : : : : | Case No. 15CA23 |
| Plaintiffs-Appellants, | : : | NUNC PRO TUNC DECISION AND JUDGMENT ENTRY[1] |
| vs. | : : | |
| FAIRLAND LOCAL SCHOOL BOARD OF EDUCATION, | : : : | |
| Defendant-Appellee. | : | **Released: 05/01/17** |

APPEARANCES:

Susan Hayest Kozlowski, William J. Steele, and Lora A. Molnar, Cloppert, Latanick, Sauter & Washburn, Columbus, Ohio, for Appellants.

Susan L. Oppenheimer and Sue W. Yount, Bricker & Eckler LLP, Columbus, Ohio, for Appellee.

McFarland, J.

{¶1} Fairland Association of Classroom Teachers, OEA/NEA, and John McClung (McClung), collectively the Appellants, appeal the judgment entry entered November 9, 2015 in the Lawrence County Court of Common Pleas. In the first assignment of error, Appellants contend the trial court erred by upholding the magistrate's decision that granted Appellee Fairland Local School District

---

[1] This Nunc Pro Tunc Decision and Judgment Entry is to correct footnote 8 in the original opinion released March 21, 2017, as footnote 8 was incomplete. The subsequent footnotes throughout this opinion are now renumbered to reflect the addition of this footnote.

Board of Education's motion to dismiss Appellants' complaint for breach of contract and declaratory judgment. The magistrate's decision found that the trial court did not have subject-matter jurisdiction over Appellants' claims. In the second assignment of error, Appellants further contend the trial court erred by failing to consider objections to the magistrate's decision when the decision did not comply with Civil Rule 53. Having reviewed the record, we find no merit to Appellants' arguments. Accordingly, we overrule Appellants' assignments of error and affirm the judgment of the trial court.

## FACTS

{¶2} Appellants brought suit against Appellee on March 9, 2015, alleging the Fairland Local School District Board of Education (Board) had breached its Master Agreement (Agreement) and sought a declaratory judgment declaring the rights of McClung under the agreement. McClung was employed as a teacher and athletic director at Fairland High School during 2013-2014. The agreement governing the parties was in effect from July 1, 2013 through June 30, 2015.

{¶3} Appellants alleged in the complaint that McClung, who was issued a supplemental contract for his position as athletic director during 2013 and 2014, was not timely notified of the Board's decision to non-renew his supplemental contract. Article 32, Section 32.1 of the agreement provides:

> "All bargaining unit members granted additional compensation for
> supplemental duties shall be issued a written contract for such duties.

> Such supplemental contracts shall be issued in addition to their regular contracts. The Board must notify bargaining unit members to April 30th in the year the supplemental contract is to expire of its intent to non-renew such supplemental contract."

The provision required that McClung be notified by April 30, 2014. McClung was notified of the nonrenewal on or about May 5, 2014 by a hand-delivered letter from the board treasurer, Loretta Wirzfield, dated May 5, 2014.

{¶4} McClung timely filed a grievance with Appellee. A written decision denying the grievance was prepared and delivered on or about June 13, 2014. In the complaint, Appellants further allege that Appellee breached the agreement by failing to follow Article 4, Section 4.05(3)(d), Grievance Procedure-Formal, Level III, Local Board Hearing, which provides as follows:

> "Within five (5) days of the meeting, the President of the Local Board shall provide the aggrieved with a written response, stating the position of the Board and suggestion for resolution of the grievance."

The grievance denial decision was provided to McClung, again, by the treasurer and not by the board president.

{¶5} Appellants demanded a finding that Appellee was in breach of the agreement as well as an order that McClung be awarded the supplemental contract and be provided with back pay and benefits as necessary to make him whole. Appellants further demanded a declaration that Appellee must abide by the referenced articles of the agreement.

{¶6} Appellee filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(1), for lack of subject-matter jurisdiction.  Appellants filed a response to the motion to dismiss and Appellee filed a reply memorandum.  On June 14, 2015, the magistrate of the Lawrence County Common Pleas Court granted Appellee's motion to dismiss and entered judgment in favor of Appellee.

{¶7} On July 8, 2015, Appellants filed objections to the magistrate's decision.  The matter came on for a hearing on the objections on October 28, 2015.  On November 9, 2015, the trial court found that the objections were untimely and further that Appellants had failed to request findings of fact and conclusions of law.  As such, the trial court upheld the magistrate's decision to dismiss the complaint for lack of subject-matter jurisdiction and entered judgment in favor of the Appellee.  This timely appeal followed.

ASSIGNMENTS OF ERROR

"I. THE LOWER COURT ERRED AS A MATTER OF LAW AND COMMITTED PLAIN ERROR WHEN IT DETERMINED IT DID NOT HAVE SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS-APPELLANTS' BREACH OF CONTRACT AND DECLARATORY JUDGMENT CLAIM.

II. THE LOWER COURT ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER OBJECTIONS TO THE MAGISTRATE'S DECISION WHEN THE DECISION DID NOT COMPLY WITH OHIO RULE OF CIVIL PROCEDURE 53."

A.  STANDARD OF REVIEW

{¶8} Because Appellants' first and second assignments of error are

interrelated, we consider them jointly.  Subject-matter jurisdiction is defined as a court's power to hear and decide cases. *Robinette v. Bryant*, 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889, ¶10, citing *Enz v. Lewis,* 4th Dist. Scioto No. 10CA3357, 2011-Ohio-1229, ¶ 10.  The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaints." *Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs.,* 182 Ohio App.3d 32, 2009-Ohio-2061, 911 N.E.2d 350 (4th Dist.), ¶6, quoting *Roll v. Edwards,* 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15.  A motion to dismiss for lack of subject-matter jurisdiction raises a question of law, which we review de novo. *Robinette, supra.*

{¶9} We begin, however, with a brief discussion of Appellants' second assignment of error, wherein it is argued that the trial court erred by failing to consider Appellants' objections to the magistrate's decision when the decision did not comply with Ohio Civ.R. 53.  Appellants acknowledge they did not timely file any objections to the magistrate's decision.  Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Picciano v. Lowers*, 4th Dist. Washington No. 08CA38, 2009-Ohio-3780, at ¶15, quoting *Hose v.*

*Gatliff,* 176 Ohio App.3d 356, 2008-Ohio-2430, 891 N.E.2d 1263, at ¶ 14.

Appellants point out the magistrate's decision did not advise the parties, in

conspicuous language, of this process. *See* Civ.R. 53(D)(3)(a)(iii); *Rocky v.*

*Rockey,* 4th Dist. Highland No. 08CA4, 2008-Ohio-6525, at ¶ 9. Therefore, they

argue, the appeal is not precluded. Appellee maintains that Appellants waived the

right to appeal by the untimeliness of the objections and furthermore, that the case

does not present a question of plain error.

{¶10} Notwithstanding, subject-matter jurisdiction goes to the power of the

court to adjudicate the merits of a case; it can never be waived and may be

challenged at any time. *In re R.M.,* 2013-Ohio-3588, 997 N.E.2d 169, ¶ 77, citing

*United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781 (2002); *State ex rel.*

*Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). Because of

this principle, the parties' arguments under the second assignment of error are

rendered moot and we decline to consider them. We proceed to consider whether

the finding that the trial court did not have subject-matter jurisdiction was correct

in the case herein.

## B. LEGAL ANALYSIS

{¶11} Appellants' complaint for breach of contract and declaratory judgment

alleges two breaches of the terms of the agreement governing the parties.

R.C. 4117.09(B)(1) provides that a party to a collective bargaining agreement "may bring suit for violation of agreements * * * in the court of common pleas of any county wherein a party resides or transacts business."  Appellants also point out the agreement between the parties does not provide for binding arbitration and, as such, the complaint which presents solely contractual claims was properly filed in the common pleas court.  However, Appellee argues that the complaint does not assert any claims independent of the collective bargaining agreement, is dependent on collective bargaining rights, and that Ohio law clearly provides that the State Employee Relations Board (SERB) has exclusive jurisdiction over "claims that arise from or are dependent upon public employment collective bargaining rights created by R.C. Chapter 4117." *State ex rel. City of Cleveland v. Sutula,* 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 21.

{¶12} SERB is a state agency created by R.C. Chapter 4117. R.C. 4117.02(A); *State ex rel. Ohio Civ. Servc. Emp. Assn. v. State,* 2016-Ohio-478, ¶ 51; *State ex rel. Brecksville Edn. Assn., OEA/NEA v. State Emp. Relations Bd.,* 74 Ohio St.3d 665, 666, 660 N.E.2d 1199 (1996).  As a state agency and a creature of statute, SERB is limited to the powers and jurisdiction conferred on it by statute. *See Penn Cent. Transp. Co. v. Pub. Util. Comm.,* 35 Ohio St.2d 97, 298 N.E.2d 587 (1973), paragraph one of the syllabus; *Morgan Cty. Budget Comm. v. Bd. of Tax Appeals,* 175 Ohio St. 225, 193 N.E.2d 145 (1963), paragraph three of the

syllabus. *State ex rel. OCSEA, supra,* at ¶ 52. When the General Assembly intends to vest an administrative agency with exclusive jurisdiction, it does so by appropriate statutory language. *State ex rel. Banc One Corp. v. Walker,* 86 Ohio St.3d 169, 171-172, 712 N.E.2d 742 (1999).

{¶13} Consistent with the general rule that agencies created by statute have such jurisdiction as the General Assembly confers, SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." *State ex rel. OCSEA, supra,* at ¶ 53; quoting *Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d 167, 572 N.E.2d 87, at paragraph one of the syllabus. As to matters involving claims that "arise from or depend on the collective bargaining rights created by R.C. Chapter 4117," that chapter's remedies are exclusive. *Id.* at paragraph two of the syllabus. *Sutula, supra,* at ¶ 15. "Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11; and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. OCSEA, supra,* at ¶ 93, quoting *Ohio Dept. of Mental Health v. Nadel,* 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23; *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878 (1994). Therefore, "if a party asserts claims

that arise from or depend on the collective bargaining rights created by R.C.

Chapter 4117, the remedies provided in that chapter are exclusive." *Franklin Cty.*

*Law Enforcement Assn.,* 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), at paragraph

two of the syllabus.

{¶14} In *Franklin Cty. Law Enforcement Assn.,* an association and certain

employees filed a complaint alleging three claims that asserted collective

bargaining rights created by R.C. Chapter 4117. *Id.* at 171. The first claim

depended on the union's duty under R.C. 4117.11(B)(6) to fairly represent all

employees in the bargaining unit. *Id.* The second claim depended on the right to

vote on union representation established in R.C. 4117.07. *Id.* The third claim

expressly relied on R.C. 4117.19(C)(4). *Id.* The Supreme Court of Ohio analyzed

the union members' contractual rights, stating:

> "Although union members can have common-law contractual rights
> that exist independently of R.C. Chapter 4117, we note that plaintiffs
> did not specify the FOP constitutional provision that was allegedly
> violated. It appears that they referred to the FOP constitution only to
> the extent that they contended R.C. 4117.19(C)(4) imposed a duty on
> the FOP to provide in its constitution for 'the right of individual
> members to participate in the affairs of the organization * * *.' In
> other words, as pleaded, plaintiffs' claim under the FOP constitution
> was inextricably intertwined with rights purportedly created and
> imposed by R.C. Chapter 4117. Because plaintiffs' claims were
> dependent on the framework established in R.C. Chapter 4117,
> plaintiffs were limited to the remedies and procedures provided in that
> chapter and the common pleas court was without jurisdiction." *Id.* at
> 171.

{¶15} Accordingly, the Supreme Court held that the trial court properly dismissed the plaintiffs' complaint for lack of jurisdiction because the plaintiffs' complaint asserted matters falling wholly within that exclusive purview of R.C. Chapter 4117. *Id.* at 172.

{¶16} Several other Ohio Supreme Court and appellate court decisions provide guidance. In *State ex rel. Cleveland v. Sutula,* 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, a union certified by SERB as the exclusive representative of a bargaining unit composed of a group of city employees filed a complaint for injunctive and declaratory relief regarding the city of Cleveland's duty to perform in accordance with its prestrike settlement offer, following two years of failed negotiations pursuant to R.C. 4117.14. *Id.* at 55. In response, the city filed a complaint for a writ of prohibition in the Eighth District Court of Appeals. The controversy reached the Supreme Court of Ohio on a direct appeal from the Eighth District's dismissal of the prohibition action.

{¶17} The central question in *Sutula* was whether the trial court patently and unambiguously lacked jurisdiction over the union's action for injunctive and declaratory relief. *Id.* at ¶ 13-14. The Supreme Court of Ohio began by setting forth the dispositive test, "whether the claims 'arise from or depend on the collective bargaining rights created by R.C. Chapter 4117.' " *Sutula* at 21, quoting *Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d 167, 572 N.E.2d 87, at

paragraph two of the syllabus; *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 289, 667 N.E.2d 929 (1996). The *Sutula* court went on to state: "Therefore, 'SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.' " *Id.* quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland,* 156 Ohio App.3d 368, 2004-Ohio-994, 806 N.E.2d 170, ¶ 12; *Carter v. Trotwood–Madison City Bd. of Edn.,* 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 64.

{¶18} The Supreme Court also pointed out the union's common pleas court case alleged conduct that constituted unfair labor practices under R.C. 4117.11(A)(1)[2] and (5).[3] *Sutula* at ¶ 21. The Court noted that if—as the union alleged—Cleveland had failed to comply with R.C. Chapter 4117 by ignoring a valid collective-bargaining agreement, the city would be interfering with its employees' statutory collective-bargaining rights and would be refusing to bargain collectively. The record showed the union had previously filed unfair-labor-practice charges against Cleveland with SERB in 2004 under comparable circumstances.

---

[2] (Prohibiting a public employer from interfering with, restraining, or coercing employees in the exercise of rights guaranteed in R.C. Chapter 4117).
[3] (Prohibiting a public employer from refusing to bargain collectively with a certified, exclusive bargaining representative of its employees).

{¶19} The Supreme Court of Ohio also noted that the union's claims in *Sutula* were premised on its allegation that there was a collective-bargaining agreement but that the city had failed to comply with R.C. Chapter 4117 by failing to execute and implement it. *Sutula* at ¶ 22. The dispositive issue, again, was whether the union's claims arose from or were dependent upon R.C. Chapter 4117 collective-bargaining rights.

{¶20} Lastly, the *Sutula* opinion held the common pleas court's basic statutory jurisdiction over actions for declaratory judgment, specific performance, injunction, and damages did not vest that court with jurisdiction over the union's R.C. Chapter 4117-related claims. *Id.* at 23. SERB's exclusive jurisdiction over the union's claims prevented judicial intervention before SERB was given the opportunity to act. *See Consolo v. Cleveland*, 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, ¶ 12 (questions committed to SERB pursuant to R.C. Chapter 4117 must first be addressed by SERB); *see also State ex rel. Ohio Democratic Party v. Blackwell,* 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 37, quoting *Fletcher v. Coney Island, Inc.*, 165 Ohio St. 150, 155, 134 N.E.2d 371(1956). "[A]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117." *Sutula, supra,* at ¶ 23, quoting *Fraternal*

*Order of Police,* 76 Ohio St.3d at 290, 667 N.E.2d 929, citing *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny*, 105 Ohio App.3d 108, 110, 663 N.E.2d 719 (1995). The *Sutula* court opined that the union's attempt to recast its common pleas court case as a simple contract action was unavailing. The High Court concluded that the trial court lacked jurisdiction because the union claimed that the city failed to abide by an agreement reached through collective-bargaining negotiations under R.C. Chapter 4117. *Sutula* at ¶ 17, 25.[4]

{¶21} More recently, in *State ex rel. OCSEA, supra,* a union representing Ohio's public employees filed an action against multiple governmental defendants. The union also asserted an alternative declaratory judgment claim to determine whether employees at a correctional institution were public employees and entitled to corresponding public-employee benefits. The dispositive question in *OCSEA* was whether the claim that individuals employed at North Central Correctional Complex were "public employees" under R.C. 4117.01(C) arose from or depended upon on collective-bargaining rights created by R.C. Chapter 4117. *Id.* at 58. In *OCSEA,* the state respondents argued that SERB had exclusive jurisdiction over R.C. Chapter 4117 matters, and pointed to a single sentence in *Sutula,* which stated that SERB's jurisdiction goes beyond unfair labor practices and includes " 'matters within R.C. Chapter 4117 in its entirety.' " *OCSAEA* at ¶ 57, quoting *Sutula* at

---

[4] The *Sutula* court also recognized its holding was consistent with *Franklin Cty. Law Enforcement Assn.*

¶ 20, quoting *Assn. of Cleveland Fire Fighters,* 156 Ohio App.3d 368, 2004-Ohio-

994, 806 N.E.2d 170, at ¶ 12.[5]

{**¶22**} However, *OCSEA* emphasized that the *Sutula* decision does not

expand the scope of SERB's jurisdiction beyond the matters conferred on it by R.C.

Chapter 4117. *OCSEA* at ¶ 57.  The Court in *OCSEA* concluded at ¶ 63:

> "To be clear, we do not suggest that SERB has exclusive, original
> jurisdiction over every claim touching upon R.C. Chapter 4117.  Nor
> do we undertake to define the circumstances in which a common pleas
> court might have jurisdiction over claims touching upon R.C. Chapter
> 4117.  Those questions are beyond the scope of OCSEA's claim, as
> pled in its amended complaint, and they simply are not before us at
> this time.  We merely reiterate that "if a party asserts claims that arise
> from or depend on the collective bargaining rights created by R.C.
> Chapter 4117, the remedies provided in that chapter are exclusive."
> *Franklin Cty. Law Enforcement Assn.* at paragraph two of the
> syllabus.  Applying that rule here, we conclude that jurisdiction over
> OCSEA's claim regarding R.C. 4117.01(C) lies exclusively with
> SERB."

{**¶23**} In this case, both parties have directed our attention to *Carter v.*

*Trotwood–Madison City Bd. of Edn.,* 181 Ohio App. 3d 764, 2009-Ohio-1769, 910

N.E.2d 1088 (2nd Dist.).  In *Carter,* retired teachers Carter and Toney sued the city

education board for breach of contract, challenging denial of their requests for

retirement incentives pursuant to collective bargaining agreement (CBA). The

---

[5] The *OCSEA* opinion commented at ¶ 57 that in *Assn. of Cleveland Fire Fighters,* the Eighth District extrapolated the above view from *Franklin Cty. Law Enforcement Assn.,* at paragraph one of the syllabus, which states that SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." (Emphasis added.)  The claim in *Assn. of Cleveland Fire Fighters* arose directly out of rights created by R.C. Chapter 4117; it involved an allegation that the city had unfairly eliminated assistant chiefs from the bargaining unit under R.C. 4117.06. *Assn. of Cleveland Fire Fighters* at ¶ 14 ("the improper removal of employees from a bargaining unit is enforceable against the employer as an unfair labor practice under R.C. 4117.11(A)(8) and 4117.11(B)(6)").

Court of Common Pleas granted board's motion to dismiss.  The retired teachers

appealed, asserting various assignments of error including:

> "Under Ohio law, are the breach of contract claims preempted by R.C.
> Chapter 4117 when Carter and Toney did not satisfy the statutory
> definition of 'public employees' at the time that their cause of action
> accrued?" *Id.* at 49.

{¶24} Carter and Toney argued that they did not satisfy the statutory

definition of "public employee" when their causes of action accrued.  Accordingly,

they contended that the trial court erred in concluding that R.C. Chapter 4117

preempted their claims.  The court of appeals affirmed the trial court's decision,

holding that SERB had exclusive jurisdiction over the issue of whether the board

committed unfair labor practice by unilaterally refusing to comply with CBA.  The

court held: "SERB [also] has exclusive jurisdiction over the issue of whether the

board may have committed an unfair labor practice by unilaterally refusing to

comply with the CBA." *Id.* at 61.

{¶25} The *Carter* opinion went on to recognize that in *E. Cleveland v. E.

Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 637 N.E.2d 878

(1994), the Ohio Supreme Court cautioned against applying the concept of an

"arguable" unfair labor practice too broadly. *Id.* at 127-128, 637 N.E.2d 878.

*Carter* at ¶ 62.[6]  Furthermore, the *Carter* opinion observed that the decision in *E.*

---

[6] In *E. Cleveland Firefighters, supra,* the court was concerned about possible evisceration of arbitration requirements under R.C. 4117.10(A), "since almost any conduct alleged in a grievance raised by aggrieved parties could arguably be categorized as an unfair labor practice." *Id.* at 128, 637 N.E.2d 878.  The court stressed that "[t]he

*Cleveland Firefighters Local 500* "must be considered and placed in perspective in light of its particular facts and in light of other cases concerning the scope of SERB's jurisdiction. *Carter,* at ¶ 64.

{¶26} The *Carter* court reasoned that "[t]he rights being asserted would not exist without the CBA and R.C. Chapter 4117." The *Carter* court further concluded that to find that R.C. Chapter 4117 did not apply would contradict the wording and policy expressed in R.C. Chapter 4117. For example, R.C. 4117.08(A) states: "All matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bargaining between the public employer and the exclusive representative, except as otherwise specified in this section and division (E) of section 4117.03 of the Revised Code." *Carter* at ¶ 66. *See also, e.g., State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 290, 667 N.E.2d 929 (1996).[7] Carter ultimately held that because the trial court correctly found that SERB had exclusive jurisdiction in the matter,

---

General Assembly's vesting of SERB with exclusive jurisdiction to determine unfair labor practices defined in R.C. 4117.11 was never meant to foreclose parties to a collective-bargaining agreement from settling differences in interpreting provisions of their agreement through the process of binding arbitration * * *." *Id.*

[7] ("[A]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117").

the judgment of the trial court dismissing this cause of action for lack of subject-matter jurisdiction would be affirmed. *Id*. at ¶ 72.

{¶27} Considering the above case law, we find that SERB had exclusive jurisdiction over the claims raised in Appellants' complaint. We find the reasoning set forth by the Second District in *Carter,* although not controlling, to be persuasive. It is true that the *OCSEA* decision emphasized at ¶ 54 that the principles announced in *Franklin Cty. Law Enforcement Assn.* are "not so broad as to place all claims that touch on R.C. Chapter 4117 within SERB's exclusive jurisdiction," and *OCSEA* acknowledged *Franklin Cty.'s* statement that "a plaintiff may raise in the common pleas courts rights that exist independently of R.C. Chapter 4117, 'even though they may touch on the collective bargaining relationships.' " *Id.* at 172, 572 N.E.2d 87. *See also E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.,* 70 Ohio St.3d 125, 128-129, 637 N.E.2d 878 (1994). And, while we recognize that other districts have acknowledged a common pleas court's jurisdiction over claims regarding breach of a collective bargaining agreement, these cases are easily distinguishable from the facts presented herein.

{¶28} For example, in *E. Cleveland Firefighters,* the city filed an application with the court of common pleas to vacate or modify the arbitration award, but the trial court denied the application and upheld the arbitrator's decision. In the *E.*

*Cleveland* decision, the court at the appellate level found that the trial court and thus, the arbitrator, lacked subject-matter jurisdiction to settle the grievance. The Eighth District Court of Appeals relied on several cases, *Gunn v. Euclid City School Dist. Bd. of Edn.,* 51 Ohio App.3d 41, 554 N.E.2d 130 (8th Dist. 1988), and *State ex rel. Ramsdell v. Washington Local School Bd.*, 52 Ohio App.3d 4, 556 N.E.2d 197 (1982), for the proposition that SERB has exclusive jurisdiction to hear and decide not only any unfair labor practice charge brought before it, but any conduct or grievance which arguably constitutes an unfair labor practice.

{¶29} In *E. Cleveland,* the Supreme Court of Ohio, citing *Franklin Cty. Law Enforcement Assn, supra,* recognized SERB's exclusive jurisdiction to determine the validity, or lack thereof, of unfair labor practices. However, the High Court pointed out that to find only SERB has jurisdiction to hear or determine anything that "arguably" constitutes an unfair labor practice is neither a complete nor totally correct statement of the law set forth in R.C. Chapter 4117 nor the decisions of this court. The Supreme Court emphasized that none of the cases relied on by the city or court of appeals involved an arbitration proceeding undertaken pursuant to the terms of a valid collective-bargaining agreement entered into by the parties. The Supreme Court cited the clear language of former R.C. 4117.10(A):

> "An agreement between a public employer and an exclusive
> representative entered into pursuant to Chapter 4117 of the Revised
> Code governs the wages, hours, and terms and conditions of public
> employment covered by the agreement. If the agreement provides for

a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure * * *."

{¶30} The Supreme Court explained:

"Carrying the appellate court's decision to its logical extreme, every grievance filed by an aggrieved party to a collective bargaining agreement could, as mentioned before, arguably be characterized as an unfair labor practice. Under such a standard, SERB would be forced to decide every grievance arising out of disputes related to the interpretation of terms to a collective bargaining agreement, no matter how innocuous they may be, and *notwithstanding any binding arbitration process established in the agreement entered into by the parties thereto.* (Emphasis added.) Since the court of appeals misconstrued the law in this context, its decision cannot stand."

Our case is easily distinguished from the facts presented in *E. Cleveland Firefighters,* where it appears appellants attempted to circumvent a binding arbitration process made part of the collective bargaining agreement.

{¶31} Likewise, in *Fischer v. Kent State Univ.,* 2015-Ohio-3569, 41 N.E.3d 840 (10th Dist.), ¶ 20, the language that "Additionally, pursuant to R.C. 4117.09(B)(1), jurisdiction over suits alleging violations of collective bargaining agreements lie with the courts of common pleas alone" stemmed from the appellate court's ruling that the Ohio Court of Claims lacked jurisdiction over Fischer's statutory claims pursuant to R.C. 4117. Fischer, a university professor subject to a collective-bargaining agreement, filed multiple unsuccessful lawsuits against Kent State in the Portage County Common Pleas Court, the Ohio Court of Claims, and the United States District Court. The Court of Claims had granted the university's

motion for summary judgment.  Regarding the jurisdictional question, the Tenth

District's precise holding was:

> "Construing the evidence most strongly in favor of Fischer, his claims
> are predicated on allegedly wrongful conduct that is directly related to
> the terms and conditions of his employment, and such claims are
> dependent on an analysis or interpretation of the CBA.  Accordingly,
> those claims are preempted by the CBA, and the trial court was
> without jurisdiction.  Even if Fischer had asserted rights that were
> independent of R.C. 4117, jurisdiction would not be proper in the
> Court of Claims."

{¶32} Our case is also distinguishable from *Fischer* in that the appellate

court in *Fischer* was not called to rule upon the validity of Fischer's claims, nor

does the case herein present the situation in which Appellants have filed in the

Ohio Court of Claims.  And, *State ex rel. Union Twp. v. Union Twp. Professional*

*Firefighters, IAFF Loc. 3412*, 12th Dist. Clermont No. CA2012-09-067, 2013-

Ohio-1611, also cited as supporting the subject-matter jurisdiction of the common

pleas court, is inapposite.  The only issue before the trial court was whether Union

Township was entitled to mandamus to compel IAFF Local 3412 to sign a

collective-bargaining agreement as a result of the conciliation process.  There,

pursuant to R.C. 4117.14(F)[8], Union Township brought suit in the court of

common pleas for mandamus for the enforcement of the conciliator's award.[9]

---

[8] "Nothing in this section shall be construed to prohibit a party from seeking enforcement of a collective bargaining agreement or a conciliator's award."

[9] More recently, in *Northwest State Comm. v. Northwest State Comm. Edn. Assn. OEA/NEA,* 3rd Dist. Henry No. 7-16-11, 2016-Ohio-8393, the appellate court also held that SERB did not have exclusive jurisdiction in the matter. However, the *Northwest* case involved an appeal to the trial court of an arbitration award, decided pursuant to the arbitration provision of the parties' collective-bargaining agreement.

{¶33} The reasoning set forth in *Carter* is similar to that set forth by the appellate court in *Bringheli v. Parma City School Dist. Bd. of Edn.,* 8th Dist. Cuyahoga No. 91064, 2009-Ohio- 3077.  In *Bringheli,* the appellants, permanent part-time school bus drivers, appealed, challenging the trial court's decision to dismiss their complaint against the appellee school board.  Both school bus drivers were subject to a negotiated agreement between the Parma City School District and the Ohio Association of Public School Employees.

{¶34} In 2006, the bus drivers traveled to Las Vegas, Nevada, for a bicycle conference but reported to their employer that some or all of their time off was for sick leave.  Both drivers were criminally charged with theft in office.  Ultimately, both pleaded guilty and no contest to falsification of records charges.  One appellant was terminated and the other resigned.

{¶35} The drivers filed a complaint against the school board for abuse of process, negligent supervision, invasion of privacy, intentional tort, and a Public Records Act violation.  The school board filed a motion to dismiss arguing lack of subject-matter jurisdiction, failure to state a claim upon which relief could be granted, and governmental immunity.  Even though the bus drivers opposed the appellee's motion, in their brief in opposition the drivers clearly stated several times that the facts of their complaint revolved around the issues of "wages, hours, terms and conditions of employment."  The appellants made the additional

argument that they had previously filed a grievance under the CBA, but withdrew it after their union withdrew its representation. The trial court granted the appellee's motion on the grounds that the court lacked subject-matter jurisdiction.

{¶36} In the sole assignment of error, the bus drivers argued that the causes of action in their complaint against the school board were not governed by the CBA; therefore, the trial court should not have granted the appellee's motion to dismiss for lack of subject-matter jurisdiction. The appellate court disagreed, holding:

> "The CBA by which these parties are governed sets forth the policies and procedures for the regulation of absences and pay as well as for discipline. Subsections 9.1 through 9.6 of the CBA cover sick leave generally, acceptable use of sick leave, documentation of sick leave, and accumulation of sick leave; subsection 6.9 covers disciplinary procedures. *Id.* at 14. Prior to filing the underlying action in the common pleas court, appellants filed a grievance, and the union agreed to represent them. Once the union learned that appellants had entered pleas to falsification of records * * * the union withdrew its representation. Appellants then withdrew their grievance. By filing a grievance originally, however, they acknowledged that the terms of the CBA govern their issues with appellee regarding their sick leave pay and terminations. *Id*. at 15."

{¶37} While it is true the agreement herein does not provide for final and binding arbitration, and Provision 13 of the agreement contains language which does not limit the ability of the association members to raise a claim of breach of the agreement under R.C. 4117.09(B)(1), the dispositive issue remains whether the

Appellants' claims arise from or are dependent upon the R.C. Chapter 4117

collective-bargaining rights. The alleged breaches are:

> 1) Failure to notify McClung of the non-renewal of his supplemental
> contract by April 30th, as required by Art. 32, Sec. 32.1 of the
> agreement; and,

> 2) Provision of notice to McClung of the grievance decision by the
> board treasurer and not by board president, as required by Art. 4, Sec.
> 405(3)(d) of the agreement.

{¶38} Here, as in *Bringheli,* the parties are governed by the policies

and procedures set forth in the agreement. Article 32 covers supplemental

contracts and the procedure for notification of non-renewal. Article 4 covers

procedures for the grievance process, including notification of the grievance

decision. All matters pertaining to wages, hours, or terms and other

conditions of employment are subject to collective bargaining. R.C.

4117.08(A). The provisions of the agreement at issue between the parties

here concern notification, terms of McClung's employment and right to the

grievance process. These terms of employment were collectively bargained

for and made part of the agreement.

{¶39} Furthermore, McClung sought resolution through the grievance

process, thereby acknowledging the terms of the agreement governed the

issues with Appellee. As in *Bringheli,* we do not find merely because the

Appellants filed a civil complaint in the common pleas court that they have

somehow taken the matter outside the scope of the agreement. And, Appellants' allegations that Appellee has failed to comply with the notice provisions of the agreement may be construed, as in *Carter*, as an unfair labor practice. As previously cited, SERB has exclusive jurisdiction over whether a party has committed an unfair labor practice by unilateral failure to comply. *Carter, supra,* at ¶ 61. Accordingly, we find jurisdiction of Appellants' claims lies exclusively with SERB.

{¶40} For the foregoing reasons, we find the trial court did not err by upholding the magistrate's decision which granted Appellee's motion to dismiss for lack of subject-matter jurisdiction. As such, we overrule both of the assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Hoover, J.:  Dissents.

For the Court,


BY:    _____
Matthew W. McFarland, Judge


### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**